Lloyd E. HUMPHREYS, Humphreys
& Associates Law Firm, P.C., and
Charles Humphreys, Appellants,

v.

JOE JOHNSTON LAW FIRM,
P.C., Appellee.

No. 91–635.

Supreme Court of Iowa.

Oct. 21, 1992.

Rehearing Denied Nov. 25, 1992.

Lloyd E. Humphreys, pro se, for appellants.

Amanda Potterfield of Johnston, Larson, Potterfield, Zimmermann & Nathanson, P.C., Cedar Rapids, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

Arbitration was agreed upon to resolve differences arising from the transfer of plaintiff's law practice. Plaintiff, unsatisfied with the arbitrator's decision, filed in district court an application to modify, correct, or vacate the award. The district court denied the application. We affirm.

### I. *Background.*

This case involves an agreement to transfer Lloyd E. Humphreys' (Humphreys) Cedar Rapids law practice to the Joe Johnston Law Firm, P.C. (Johnston). Also entangled in this dispute is a lease agreement between the two parties and an option given to Humphreys to purchase stock in Johnston. The agreements at issue took effect June 1, 1988.

Differences regarding the agreements soon developed. Both parties eventually agreed to submit their differences to arbitration. On April 14, 1989, the parties entered into a written arbitration agreement. In this agreement, the parties selected Mark McCormick as arbitrator, set out the scope of arbitration, and provided the procedure to be employed. On August 21–23, 1989, an arbitration hearing was held. The arbitrator delivered his decision on August 30, 1989. Unsatisfied with the decision, Humphreys filed in district court an application to modify, correct, or vacate the arbitration award. The district court denied the application. Again unsatisfied, Humphreys appealed to this court.

### II. *Arbitration.*

■ Iowa Code chapter 679A (1989) regulates arbitration in Iowa. Arbitration is looked on favorably as an alternative to civil litigation. Accordingly, every reasonable presumption will be indulged in favor of the legality of an arbitration award. *First Nat'l Bank v. Clay*, 231 Iowa 703, 713, 2 N.W.2d 85, 91 (1942).

Two provisions of chapter 679A are particularly relevant to this case: section 679A.12 and section 679A.13. Section 679A.12 allows the district court to vacate an arbitration award under certain circumstances. However, the fact that the award could not or would not be granted by a court of law or equity is not grounds for vacating the award. Iowa Code § 679A.12(2). Section 679A.13 allows the district court to modify or correct an award under certain circumstances. Applications to the district court to vacate, modify, or correct arbitration awards are by motion and are heard as provided by our rules of civil procedure relating to motions. Iowa Code § 679A.15. We review the district court decision as provided by Iowa Code section 679A.17(2). Because this is an appeal from a court order in a civil law suit, our review is for correction of error. Iowa R.App.P. 4.

### III. *District Court—Scope of Review.*

■ Humphreys' first argument is that the district court improperly limited its scope of review. We disagree. Judicial review of arbitration awards is very limited in Iowa. *Reicks v. Farmers Commodities Corp.*, 474 N.W.2d 809, 810–11 (Iowa 1991); *Iowa City Community Sch. Dist. v. Iowa*

*City Educ. Ass'n,* 343 N.W.2d 139, 142–43 (Iowa 1983); *Sergeant Bluff–Luton Educ. Ass'n v. Sergeant Bluff–Luton Community Sch. Dist.,* 282 N.W.2d 144, 147–48 (Iowa 1978). Here, the scope of judicial review is limited to those statutory grounds contained in Iowa Code sections 679A.12 and .13.

The United States Supreme Court has summarized the role of the courts in reviewing arbitration awards, stating:

> Arbitrators are judges chosen by the parties to decide the matters submitted to them, finally and without appeal. As a mode of settling disputes, it should receive every encouragement from the courts of equity. If the award is within the submission, and contains the honest decision of the arbitrators, after a full and fair hearing of the parties, a court of equity will not set it aside for error, either in law or fact. A contrary course would be a substitution of the judgment of the chancellor in place of the judges chosen by the parties, and would make an award the commencement, not the end, of litigation.

*Burchell v. Marsh,* 58 U.S. (17 How.) 344, 349, 15 L.Ed. 96, 99 (1855); *see Iowa City Sch. Dist.,* 343 N.W.2d at 143.

The United States Supreme Court addressed the narrow scope of judicial review in the arbitration process in *United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Citing *Enterprise Wheel,* we have said that "[t]he function of the courts is strictly limited to a determination of the arbitrator's authority and the existence of an arbitrable dispute. Ordinarily courts may not inquire into the merits of the decision itself." *Teamsters Local 394 v. Associated Grocers of Iowa Coop., Inc.,* 263 N.W.2d 755, 757 (Iowa 1978). We have continually recognized the arbitrator's broad authority and correspondingly restricted judicial involvement in the arbitration process. *See, e.g., Central Iowa Pub. Employee Council v. Des Moines,* 439 N.W.2d 170, 172 (Iowa 1989); *Iowa City Sch. Dist.,* 343 N.W.2d at 142–43. In light of the advantages inherent in arbitration, we have stated:

> To allow a court to "second guess" an arbitrator by granting a broad scope of review would nullify those advantages. Most important, limited judicial review gives the parties what they bargained for—binding arbitration, not merely arbitration binding if a court agrees with the arbitrator's conclusion.

*Sergeant Bluff–Luton,* 282 N.W.2d at 147. Recently, we have stated:

> [A]rbitration decisions are not . . . closely scrutinized. A refined quality of justice is not the goal in arbitration matters. Indeed such a goal is deliberately sacrificed in favor of a sure and speedy resolution. Under our common-law view the purpose of arbitration is to end disputes without court participation. It is no idle coincidence that the words "arbitration" and "arbitrary" are both derived from the same Latin word.

*Reicks,* 474 N.W.2d at 811 (citations omitted).

Here, the district court applied a very limited scope of review. The court essentially stated it would not correct errors of fact or law, as long as the arbitrator's award did not violate any of the provisions of chapter 679A. This is the correct scope of judicial review in the arbitration process.

Humphreys urges chapter 679A has modified the scope of review of arbitration in Iowa. We agree this chapter modifies common-law arbitration. It contains provisions not included in the Uniform Arbitration Act. Under this chapter, the district court shall vacate an arbitration award if:

> Substantial evidence on the record as a whole does not support the award. The court shall not vacate an award on this ground if a party urging the vacation has not caused the arbitration proceedings to be reported, if the parties have agreed that a vacation shall not be made on this ground, or if the arbitration has been conducted under the auspices of the American arbitration association.

Iowa Code § 679A.12(1)(f). Under the federal arbitration act, federal courts overturn arbitrator's decisions when they are funda-

mentally irrational or in manifest disregard of the law. *Wilko v. Swan*, 346 U.S. 427, 436–37, 74 S.Ct. 182, 187–88, 98 L.Ed. 168, 176 (1953). In *Reicks*, the parties disputed whether this standard is different from the substantial evidence standard. *Reicks*, 474 N.W.2d at 812. Generally, evidence is substantial if a reasonable person would accept the evidence as sufficient to reach a conclusion. *Johnson v. Dodgen*, 451 N.W.2d 168, 171 (Iowa 1990). Without such evidence, a judgment should be denied. *Id.* Here, the district court found substantial evidence supported the arbitrator's award.

■ We agree that the award must be vacated if not supported by substantial evidence. This is a different standard than that applied under the federal arbitration act. However, Humphreys must show on appeal that the district court erred in its finding of substantial evidence. He has failed to do so. A mere general allegation that the award is unsupported by substantial evidence is insufficient.

### IV. *Arbitrator's Authority.*

Humphreys' second argument is that the arbitrator exceeded his authority by improperly awarding on matters not submitted to him and, conversely, not awarding on matters that were submitted to him. Humphreys claims the arbitrator had no authority to terminate the parties' 1988 agreement or to order him to return all stock in Johnston. Humphreys further urges the arbitrator should have considered tort claims between the parties and the claims of his son, L. Charles Humphreys, against Johnston. In addition, he urges the arbitrator improperly disregarded the allowance of originating and producing attorney fees, advance costs, unused retainers, interest on unpaid rental installments, and other claims based upon his individual and property rights.

■ The district court properly looked to the arbitration agreement and chapter 679A to determine the scope of the arbitrator's authority. The agreement provides:

All disputes and controversies of every kind and nature between the parties hereto, arising out of or in conjunction with the agreements entered into on the 1st day of June, 1988, as to the existence, construction, validity, interpretation or meaning, performance, nonperformance, enforcement, operation, breach, continuance or termination thereof shall be submitted to arbitration pursuant to the following procedure....

An award rendered by the arbitrator pursuant to this agreement shall be final and binding on all parties to the proceeding and said award shall be confirmed, modified or vacated pursuant to chapter 679A of the *Code of Iowa....*

We have described the role of an arbitrator, stating:

Put most simply, the arbitrator is the parties' officially designated "reader" of the contract. He (or she) is their joint *alter ego* for the purpose of striking whatever supplementary bargain is necessary to handle the anticipated unanticipated omissions of the initial agreement. Thus, "misinterpretation" or "gross mistake" by the arbitrator becomes a contradiction in terms. In the absence of fraud or an overreaching of authority on the part of the arbitrator, he is speaking for the parties, and his award *is* their contract. That is what the "final and binding" language of the arbitration clause says. In sum, the arbitrator's award should be treated as though it were a written stipulation by the parties setting forth their own definitive construction of the labor contract.

*Iowa City Sch. Dist.*, 343 N.W.2d at 142–43 (citations omitted). Absent limitation by the parties to the contrary, the arbitrator becomes the final judge of the facts and law. *Id.* at 143; *see* F. Elkouri & E. Elkouri, *How Arbitration Works* 321 (3d ed. 1973). Thus, "[m]istakes of either fact or law are among the contingencies the parties assume when they submit a dispute to arbitration." *Iowa City Sch. Dist.*, 343 N.W.2d at 143.

The arbitrator limited the scope of arbitration to contractual issues between the parties arising out of or in connection with the agreements entered into on June 1,

1988. This did not include tort claims or claims of Humphreys' son, a nonparty. We agree with the district court's conclusion that the arbitrator did what he was asked to do by the parties.

### V. *Prejudice.*

Humphreys' third argument is that the arbitrator conducted the proceedings in a prejudicial manner. Specifically, Humphreys contends the arbitrator refused to hear evidence on the full range of claims, made the award without due consideration of certain exhibits, and failed to correct evident miscalculations and mistakes.

Humphreys' first contention of prejudice is nothing more than a rehashing of his previous arguments. Therefore, we will not address them again here.

■ Humphreys' second contention of prejudice stems from certain "missing exhibits and evidence." After the arbitration was concluded, some exhibits could not be located. Humphreys argues that, since the exhibits are now missing, it follows they were not considered by the arbitrator. We disagree. There is no evidence the exhibits were not considered by the arbitrator. When in doubt, we presume the arbitrator did his duty. *Iowa City Sch. Dist.*, 343 N.W.2d at 145.

■ Even if the arbitrator did not consider the exhibits, Humphreys' claim still fails. An arbitrator's failure to consider certain evidence is not sufficient to modify, correct, or vacate an award. *See* Iowa Code §§ 679A.12, 679A.13. Although certain exhibits may be missing, this fact is not sufficient evidence of prejudice to require the modification, correction, or vacation of the award.

■ Humphreys' final contention of prejudice is the arbitrator's failure to correct evident miscalculations and mistakes in the award. While section 679A.13(1)(a) provides for the correction of "evident miscalculation of figures or an evident mistake in the description of a person, thing, or property referred to in the award," it is not applicable here. We interpret section 679A.13(1)(a) narrowly. It only applies to obvious errors in mathematical computation and mistakes in description. There is no evident miscalculation or mistake in description in the award.

### VI. *Abuse of Discretion.*

■ Humphreys' fourth argument is that the arbitrator abused his discretion in not properly applying Iowa law. In support of this argument, Humphreys points to exhibit 64, which he maintains is a counteroffer to the 1988 agreement initially proposed by Johnston. Humphreys maintains Johnston accepted this counteroffer. Thus, Humphreys concludes, the final agreement includes the terms of the counteroffer.

While Humphreys' application of the law of offer and acceptance to the facts as he stated them is correct, it is not determinative. The arbitrator found exhibit 64 was not a counteroffer and its terms were, therefore, not included in the final agreement. There is substantial evidence in the record to support the arbitrator's finding.

### VII. *RCP 179(b) Motion.*

■ Humphreys' fifth argument is that the arbitrator erred in not considering his motion pursuant to Iowa Rule of Civil Procedure 179(b) and Iowa Code section 679A.9. Although section 679A.9 permits the arbitrator to modify or correct the award, the arbitrator is not required to rule upon an application for modification. The parties' arbitration agreement expressly provided, "Where there is a conflict between the parties as to the procedures to be followed, the arbitrator shall have full authority to determine the procedure to be followed." It was not error for the arbitrator to refuse to consider the motion.

### VIII. *Constitutional Issue.*

■ Humphreys' final argument is that the arbitration award constituted an unconstitutional taking of his property without due process of law. He complains that the district court did not allow him full discovery prior to the hearing upon his application to vacate, modify, or correct the award. The parties agreed to arbitration of their 1988 agreement claims. The arbi-

tration hearing was conducted as agreed. All parties were permitted to present evidence. The hearing was conducted as provided in the arbitration agreement and as permitted in chapter 679A. Due process does not require full discovery prior to a motion hearing. Also, Humphreys' failure to cite authority in support of this argument is deemed a waiver of the issue. Iowa R.App.P. 14(a)(3); *Vaughn v. Ag Processing, Inc.*, 459 N.W.2d 627, 638 (Iowa 1990).

In conclusion, we find the district court properly denied Humphreys' application to modify, correct, or vacate the arbitration award.

AFFIRMED.