**CLINTON NATIONAL BANK, Appellant,**

v.

**KIRK GROSS COMPANY, Appellee.**

No. 95–2220.

Supreme Court of Iowa.

Feb. 19, 1997.

J. Drew Chambers of Holleran, Shaw, Murphy & Stoutner, Clinton, for appellant.

Richard R. Morris and Eric W. Johnson of Beecher, Rathert, Roberts, Field, Walker & Morris, P.C., Waterloo, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and LAVORATO, JJ.

LARSON, Justice.

The Clinton National Bank and the Kirk Gross Company (Gross) entered into a contract for remodeling of the bank. The contract included an arbitration clause covering "all disputes" between the parties. A dispute arose over the quality of the carpet installed by Gross, and the bank refused to pay the remaining $17,828 on the contract. Gross filed a mechanics' lien, and shortly afterward the bank sued, claiming a breach of warranty on the carpeting.

Gross filed a motion to dismiss the warranty suit on the ground that the arbitration agreement was mandatory and that it took priority over the suit. It also withdrew its mechanics' lien filing. The bank resisted the motion to dismiss on the ground that Gross had waived its right to arbitration by filing its mechanics' lien.[1] The district court granted Gross's motion to dismiss, and we affirm.[2]

The construction agreement contained this provision concerning arbitration:

(a) It is mutually agreed that all disputes arising in connection with this Contract shall be submitted to arbitration in accordance with the provisions of the Current Standard Form of Arbitration Procedure of the American Institute of Architects and that all findings of all facts by the arbitrators under this Agreement shall be conclusive and binding on both parties. It is further mutually agreed that the decision of the arbitrators shall be a prior condition to any right of legal action with [sic] either party to the Contract may have against the other.

The sole issue on appeal is whether Gross's filing of a mechanics' lien waived its right to assert contractual arbitration.[3]

Iowa's arbitration statute provides:

1. A written agreement to submit to arbitration an existing controversy is valid, enforceable, and irrevocable unless grounds exist at law or in equity for the revocation of the written agreement.

2. A provision in a written contract to submit to arbitration a future controversy arising between the parties is valid, enforceable, and irrevocable unless grounds exist at law or in equity for the revocation of the contract. This subsection shall not apply to any of the following:

a. A contract of adhesion.

b. A contract between employers and employees.

c. Unless otherwise provided in a separate writing executed by all parties to the contract, any claim sounding in tort whether or not involving a breach of contract.

Iowa Code § 679A.1 (1993).

We begin by noting that our law favors arbitration. *Postville Community Sch. Dist. v. Billmeyer*, 548 N.W.2d 558, 560 (Iowa 1996). "Arbitration is a legally fa-

---

1. The motion to dismiss included a detailed statement of the facts and, attached to it, was a copy of the arbitration agreement. The bank does not challenge the form of the motion on the ground that it was an impermissible "speaking motion," *see Berger v. General United Group, Inc.*, 268 N.W.2d 630, 634 (Iowa 1978), and proceeded to a resolution of the dispute on the basis of the facts so presented. Any objection to the form of the record presented to the court on the motion to dismiss has therefore been waived.

2. The court also ordered that Gross withdraw its mechanics' lien statement, and Gross did so. This is not an issue on appeal.

3. The bank's resistance to the motion to dismiss asserted as an additional ground that Gross had failed to pursue its arbitration rights in a timely manner and therefore lost its right to arbitrate. The district court, however, did not rule on this issue, and the bank did not preserve it by filing a motion for an expanded ruling. *See* Iowa R.Civ.P. 179(b); *Benavides v. J.C. Penney Life Ins. Co.*, 539 N.W.2d 352, 356 (Iowa 1995). Accordingly, we deem the issue waived.

vored contractual proceeding as a means of settling civil disputes without the expense and delay of litigation." *Des Moines Asphalt & Paving Co. v. Colcon Indus. Corp.,* 500 N.W.2d 70, 72 (Iowa 1993) (citation omitted); *accord Humphreys v. Joe Johnston Law Firm,* 491 N.W.2d 513, 514 (Iowa 1992). In view of this general proposition, we believe that evidence of an alleged waiver must be compelling, especially in view of the fact that section 679A.1, which identifies certain circumstances under which arbitration will not be recognized, does not even mention waiver.

The South Dakota Supreme Court summarized the law on waiver of arbitration:

The essential test for waiver of arbitration requires conduct or activity inconsistent with the right to arbitration *and* prejudice to the party claiming waiver. *Psarianos v. Standard Marine, Ltd., Inc.,* 728 F.Supp. 438 (E.D.Tex.1989); *Finkle and Ross v. A.G. Becker Paribas, Inc.,* 622 F.Supp. 1505 (D.C.N.Y.1985); *see also Nesslage v. York Securities, Inc.,* 823 F.2d 231 (8th Cir.1987); *N & D Fashions, Inc. v. DHJ Industries, Inc.,* 548 F.2d 722 (8th Cir. 1977).

The issue of whether one has waived his right to arbitrate turns on the significance of the action taken in a judicial forum. The issue is one for the court to decide. *Weight Watchers of Quebec Ltd. v. Weight Watchers Int'l Inc.,* 398 F.Supp. 1057 (E.D.N.Y.1975). Delay and the extent of the moving party's trial-oriented activity are material factors in assessing a claim of prejudice. *Fraser v. Merrill Lynch Pierce, Fenner & Smith, Inc.,* 817 F.2d 250 (4th Cir.1987). Prejudice may result from lost evidence, duplication of efforts, or the use of discovery methods unavailable in arbitration. *Prudential–Bache Securities, Inc. v. Stevenson,* 706 F.Supp. 533 (S.D.Tex.1989).

*Tjeerdsma v. Global Steel Bldgs., Inc.,* 466 N.W.2d 643, 645 (S.D.1991); *see generally* Maurice T. Brunner, Annotation, *Filing of Mechanic's Lien or Proceeding for Its Enforcement as Affecting Right to Arbitration,* 73 A.L.R.3d 1066 (1976); *see also* 6 C.J.S. *Arbitration* § 37, at 227 (1975) ("It has been held that filing a mechanic's lien does not constitute a waiver of the right to enforce an agreement to arbitrate, especially when the notice of lien is filed after filing a petition for arbitration, but, depending on the particular circumstances of the case, the filing of such a lien may constitute a waiver.").

The bank has cited cases from other jurisdictions holding that participation in actual litigation can waive a litigant's right to arbitration. *See, e.g., Joba Constr. Co. v. Monroe County Drain Comm'r,* 150 Mich.App. 173, 388 N.W.2d 251, 253–54 (1986) (holding that construction contractor waived its right to arbitration by actively participating in litigation); *SCA Servs., Inc. v. General Mill Supply Co.,* 129 Mich.App. 224, 341 N.W.2d 480, 483 (1983) (finding possible waiver of arbitration right by conducting discovery in federal court).

While the bank has cited cases involving waiver by active participation in litigation, it has cited no authority for its argument that a lien claimant's mere filing of a statement of account, as the first step in perfecting a mechanics' lien, constitutes court action. The filing of the statement of account, as provided by Iowa Code section 572.8, is no more "court action" than is the filing of a mortgage; in both cases a foreclosure action is required to constitute court action. In the case of a mechanics' lien, this step is provided by Iowa Code section 572.24, which provides:

An action to enforce a mechanics' lien, or an action brought upon any bond given in lieu thereof, may be commenced in the district court after said lien is perfected.

We reject the bank's argument that Gross has waived its right to arbitration and therefore affirm the ruling of the district court.

**AFFIRMED.**