**$99 DOWN PAYMENT, INC., Appellant,**

v.

**Charlotte E. GARARD and Jennifer J. Garard, Appellees.**

No. 97–2065.

Supreme Court of Iowa.

April 28, 1999.

Christopher L. Farwell of Farwell & Bruhn, Clinton, for appellant.

No appearance for appellees.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and CADY, JJ.

CADY, Justice.

A financing company appeals the district court's denial of its application to confirm an arbitration award resulting from a borrower's default on payments for a vehicle. We reverse the district court decision.

## I. Background Facts and Proceedings.

Charlotte and Jennifer Garard purchased a used 1990 Ford Mustang pursuant to a written installment contract. The arrangement included an arbitration agreement requiring any dispute arising from the sale to be resolved by arbitration. The arbitration provisions included a clause for service of process by mail or personal service. The agreement also provided the arbitrator would only consider written affidavits and evidence submitted in a timely manner. As a part of the transaction, the contract was assigned to $99 Down Payment, Inc.

The Garards defaulted on the installment contract and $99 Down Payment repossessed the vehicle for sale at auction. A deficiency in the amount of $5637.19 remained following the sale. $99 Down Payment then filed a demand for arbitration.

The Garards did not file an answer within the fifteen-day time frame established in the arbitration agreement. Charlotte Garard did, however, send a letter to the arbitrator expressing her confusion about the arbitration process and indicating she and Jennifer did not deny the claim. The arbitrator called Charlotte after receiving the letter and explained the arbitration process to her. The Garards did not make further contact with the arbitrator following this conversation. The arbitrator ultimately entered an award of $5909.91 in favor of $99 Down Payment.[1] The arbitration award was served on the Garards by mail.

$99 Down Payment next filed a motion for confirmation of the arbitration award with the district court. The Garards received notice of this application by mail and later by personal service. The district court then ordered a hearing to address its concerns over whether there had been proper disposition of the automobile and whether the interest rate was excessive.

The district court subsequently entered a ruling denying the motion to confirm the arbitration award. In its ruling, the district court questioned a number of issues in the underlying transaction in the case and in the arbitration agreement. First, the court stated it was "uncomfortable" that the Garards had not had an opportunity for a full and fair hearing on the merits. Second, it expressed concern that the arbitration agreement waived the usual consumer protection rules. Third, although the underlying documents were not available for the court's review, the court speculated the contract in question could be a contract of adhesion not subject to arbitration. Fourth, the court was "not satisfied" the disposition of the collateral complied with the law. Fifth, the court observed the underlying transaction may have been unconscionable. Finally, the court determined it was not satisfied it had jurisdiction to grant $99 Down Payment's request.

On appeal $99 Down Payment claims the district court erred by failing to confirm the arbitration award. It maintains the district court order improperly inquired into the merits of the dispute, failed to give proper deference to the arbitrator's findings, and applied an improper standard of review under Iowa Code section 679A.11 (1997).

## II. Standard of Review.

■ This case is on appeal pursuant to Iowa Code section 679A.17(1)(c) which provides appeal may be taken from an order denying confirmation of an arbitration award. We review the district court decision as provided by Iowa Code section 679A.17(2). *See Humphreys v. Joe Johnston Law Firm, P.C.,* 491 N.W.2d 513, 514 (Iowa 1992). Accordingly, our review of this civil court order is for correction of errors at law. *See id.;* Iowa R.App. P. 4.

---

1. The award included $5734.91 in unpaid principal and interest, a $125 repossession fee, and a $50 arbitration fee. The $5734.91 included three sums: (1) interest of $443.07 calculated at 2.25% on unpaid principal of $6563.96 for three months; (2) interest of $227.88 calculated on unpaid principal of $5063.96 for two months; and (3) unpaid principal of $5063.96.

## III. Arbitration.

■ Our law favors arbitration as an alternative to civil litigation. *Clinton Nat'l Bank v. Kirk Gross Co.*, 559 N.W.2d 282, 283 (Iowa 1997). Arbitration avoids the expense and delay generally associated with traditional civil litigation, and draws on experts in the specific area of the dispute to resolve the matter. *Cedar Rapids Ass'n of Fire Fighters, Local 11 v. City of Cedar Rapids*, 574 N.W.2d 313, 316 (Iowa 1998). Thus, with some exceptions, our law recognizes written agreements to submit a controversy to arbitration to be valid. Iowa Code § 679A.1.

■ Our law also indulges every reasonable presumption in favor of the legality of an arbitration award. *Humphreys*, 491 N.W.2d at 514. Consequently, judicial involvement in arbitration is very limited. *Id.* To allow courts to "second guess" an arbitrator by granting a broad scope of judicial review would nullify the very advantages of arbitration. *Cedar Rapids Ass'n of Fire Fighters*, 574 N.W.2d at 316. Moreover, limited judicial review gives the parties what they bargain for in agreeing to binding arbitration, not merely arbitration which is binding if a court agrees with the arbitrator's award. *Id.*

■ Limited judicial involvement in arbitration is reflected in our Iowa statutes on arbitration. Once an arbitration award has been made, the parties may apply to the district court to confirm, vacate, or correct the award. Iowa Code §§ 679.11–.13. In particular, section 679A.11 provides:

> Upon application of a party, the district court *shall* confirm an award, unless within the time limits imposed under sections 679A.12 and 679A.13 grounds are urged for vacating, modifying, or correcting the award, in which case the district court shall proceed as provided in sections 679A.12 and 679A.13.

(Emphasis added.) Under section 679A.12, the district court can vacate an arbitration award under specific circumstances upon application of a party generally made within ninety days of delivery of a copy of the arbitration award to the applicant. Under section 679A.13, the district court may modi-fy or correct an award upon application of a party within the same general period of time. Thus, when an application for confirmation of an arbitration award is made, the court must either confirm, vacate, or correct the award.

$99 Down Payment argues the district court was required under section 679A.11 to confirm the award and enter judgment in conformity with the arbitration award because a claim to vacate or correct the award was not made. It claims the district court had no authority to deny the confirmation without a timely claim to vacate or correct the award.

■ The word "shall" in a statute is ordinarily construed as mandatory. *Gibson v. Winterset Community Sch. Dist.*, 258 Iowa 440, 444, 138 N.W.2d 112, 115 (1966). However, whether a statute is mandatory or directory ultimately depends upon legislative intent. *Taylor v. Department of Transp.*, 260 N.W.2d 521, 522–23 (Iowa 1977). Nevertheless, both mandatory and directory statutes impose duties. *Id.*; *see also* Iowa Code § 4.1(30). The difference between mandatory and directory statutes is in the consequences of failing to perform the duty which is imposed. *Taylor*, 260 N.W.2d at 522–23. The failure to perform a mandatory duty will invalidate subsequent proceedings, while the failure to perform a directory duty will not invalidate the subsequent proceedings unless prejudice is shown. *Id.*

■ Iowa Code section 679A.11 clearly imposes a duty upon the district court to confirm an arbitration award upon application of a party unless a timely ground to vacate or correct the award has been filed. This duty is consistent with the limited judicial involvement in the arbitration process, and the presumption of legality afforded to the arbitration process. Furthermore, if an objection to the confirmation is made, the court has a duty to proceed under the vacation or correction statutes. Iowa Code § 679A.11. Thus, the court may deny confirmation of an arbitration award under the statute only if relief is granted under the accompanying vacation and correction statutes.

Although section 679A.11 contemplates the court will vacate or correct an arbitration award in response to grounds urged by a party, it does not prohibit the court from raising these grounds on its own. *See Matley v. Matley,* —— Mich.App. ——, 594 N.W.2d 850, 853 (Mich.Ct.App.1999). Furthermore, district courts are permitted, under certain circumstances, to raise issues and take action sua sponte. *See McCormick v. Meyer,* 582 N.W.2d 141, 144 (Iowa 1998). This includes the power to dismiss cases. *Id.* Nevertheless, when courts proceed sua sponte, any action taken must be done with restraint. *Rush v. Sioux City,* 240 N.W.2d 431, 439 (Iowa 1976), *overruled on other grounds by Hoffert v. Luze,* 578 N.W.2d 681 (Iowa 1998). Considering the limited judicial role in the arbitration process, this restraint would require sua sponte action by a court in an arbitration proceeding to be based on more than mere speculation.

Under the facts of this case, we conclude the district court had no authority to deny confirmation when no grounds to vacate or correct the award were raised by a party, and the grounds raised by the court were vague and not supported by any evidence. Furthermore, the grounds were outside those enumerated in sections 679A.12 and 679A.13.

We reverse the decision of the district court, and remand the case for entry of an order confirming the arbitration award with those modifications acquiesced by $99 Down Payment.

**REVERSED AND REMANDED WITH DIRECTIONS.**