# IN THE COURT OF APPEALS OF IOWA

No. 15-0356
Filed February 10, 2016

**DLR GROUP, INC.,**
        Petitioner-Appellant,

**vs.**

**OSKALOOSA COMMUNITY SCHOOL
DISTRICT; M&M ENTERPRISES; and
STORY CONSTRUCTION CO.,**
        Respondents-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Richard G. Blane II,

Judge.

        DLR Group, Inc. appeals the district court's denial of its motion to vacate

the arbitration award and the court's approval of the arbitration award.

**AFFIRMED.**

        Keith A. Harvat and Daniel J. Epstein of Houghton, Vandenack, Williams,

Whitted, Weaver, Parsonage, L.L.C., Omaha, Nebraska, for appellant.

        Edward W. Remsburg and Jason M. Craig of Ahlers & Cooney, P.C., for

appellee Oskaloosa Community School District.

        Mark A. Schultheis of Nyemaster Goode P.C., Des Moines, for appellee

Story Construction.

        F. Richard Lyford of Dickinson, Mackaman, Tyler & Hagen, P.C., Des

Moines, for appellee M&M Enterprises.

        Heard by Tabor, P.J., and Bower and McDonald, JJ.  Blane, S.J., takes no

part.

**BOWER, Judge.**

DLR Group, Inc. (DLR) appeals the district court's denial of its motion to vacate the arbitration award and the court's approval of Oskaloosa Community School District's (District) motion to confirm the arbitration award. We affirm.

## I.   BACKGROUND FACTS AND PROCEEDINGS

We incorporate the district court's summary of the factual background:

> This case involves construction at the Oskaloosa High School. The District entered into separate contracts with DLR, Story [Construction Company], and M&M [Enterprises]. The design for the project was prepared by DLR in 2001 and 2002. The District hired Story to perform construction management services on the project. The District hired M&M to perform general construction services, including pouring the concrete floors at the high school.
>
> M&M constructed the floors for the school in three layers. The first layer was a vapor barrier, the second was three to four inches of rock fill, and the third layer was concrete. The concrete slab-on-grade floors in the high school were poured by M&M from March 2003 through May 2003. The floor slabs were poured by M&M in such a way that humps and unlevel floors resulted. Repairs to fix the levelness issues generally occurred in November of 2003. M&M and Skold Construction used leveling compounds to level the floor. All of the leveling work and leveling products used by M&M and Skold were approved by DLR.
>
> After the repair work in 2003, vinyl composite tiles were placed on the floor slabs by another contractor, Poindexter. As early as 2004, the vinyl composite tiles started to bubble. As a result of this condition, the vinyl floor tiles had to be removed, the leveling compounds had to be removed to expose the original concrete floor slabs, a moisture resistant floor sealer with leveling materials installed, and then the vinyl floor tiles had to be reinstalled.

The parties agreed their dispute concerning the flooring defects should be submitted to arbitration. The District claimed DLR breached sections 1.1.1, 1.2.3.8, 2.4.4.1, 2.6.2.1, and 2.6.2.2 of the contract. Before the arbitration hearing, on July 2, 2013, DLR filed a motion for summary judgment, arguing the

District's claims were barred by the statute of limitations. DLR asserted, although the District's requests were pled as a breach of contract, their claims were actually for professional negligence and barred by the five-year statute of limitations pursuant to Iowa Code section 614.1(4) (2013). After reviewing the resistances filed by M&M and the District, the arbitrator found the District's claims were properly submitted as contract claims and denied DLR's motion.

The arbitration hearing was held December 10 through 12, 2013. On the morning of December 10, DLR notified the parties it had retained a court reporter to transcribe the proceedings but the court reporter would be late. DLR's counsel agreed the parties should begin the proceeding without the reporter. Consequently, the direct examination of the District's first witness, David Dickinson,[1] was not reported.

The arbitrator issued his decision on January 28, 2014, finding in favor of the District. The arbitrator found the three respondents had breached the contract and were jointly and severally liable for damages in the amount of $304,500. Concerning DLR, the arbitrator found it had violated "section 1.2.3.6 of its agreement with the District when it recommended both the process and products to be used in correcting the unlevel floors" and it had not "acted in the best interest of the District."

On April 25, 2014, DLR filed a petition at law in the district court to vacate the arbitration award, claiming the arbitrator had exceeded his powers and

---

[1] Dickinson served as an Oskaloosa School Board member from 2002–2005. He has formal education and training in construction matters and has taught construction-related classes at Iowa State University. Dickinson testified about the concrete floors being poured in 2003 before the building was enclosed.

substantial evidence did not support the arbitrator's ruling. *See* Iowa Code § 679A.12(1)(c), (f). DLR noted substantial evidence did not support the finding DLR had breached section 1.2.3.6 because the District had never claimed DLR had violated that section and there was no evidence presented to support this claim. The District then filed a motion to submit the case to the arbitrator for a nunc pro tunc order or, in the alternative, for permission to obtain an affidavit from the arbitrator. The District believed the arbitrator likely made a clerical error in finding DLR breached 1.2.3.6 of the agreement, instead of section 1.2.3.8., as the District had never alleged violation of 1.2.3.6 and the language used by the arbitrator was consistent with the language from section 1.2.3.8.

The district court granted the District's motion on September 22, and returned the case back to the arbitrator for "clarifying by him as to whether he made a drafting or typographical error in referring to section 1.2.3.6 instead of section 1.2.3.8." The arbitrator responded to the request by filing an amended award. The amended award changed the citation on page fourteen from 1.2.3.6 to 1.2.3.8—no other changes were made.

On October 3, 2014, DLR filed a motion to vacate the amended arbitration award. Following oral arguments, on January 28 the district court denied DLR's motion to vacate. On February 19, the District filed a motion to confirm the amended arbitration award. On February 25, DLR filed a notice of appeal from the denial of its motion to vacate the arbitration award. On February 26, the district court entered an order confirming the arbitration award, which was

appealed by DLR on March 27. The two appeals were consolidated for our review.

## II.     SCOPE AND STANDARD OF REVIEW

A party may appeal a district court order confirming or entering judgment on an arbitration award pursuant to Iowa Code section 679A.17(1)(c) and (f). Section 679A.17(2) provides we review the appeal of an arbitration award "in the manner and to the same extent as from orders or judgments in a civil action." Our review is therefore for correction of errors at law. *Ales v. Anderson, Gabelmann, Lower & Whitlow, P.C.*, 728 N.W.2d 832, 839 (Iowa 2007).

Arbitration is viewed favorably as an alternative to civil litigation because it "avoids the expense and delay generally associated with traditional civil litigation." *$99 Down Payment, Inc. v. Garard*, 592 N.W.2d 691, 694 (Iowa 1999). Our law indulges every reasonable presumption in favor of the legality of arbitration awards. *Humphreys v. Joe Johnston Law Firm, P.C.*, 491 N.W.2d 513, 514 (Iowa 1992). Judicial involvement in arbitration is thus "very limited" because allowing "courts to 'second guess' an arbitrator . . . would nullify the very advantages of arbitration." *$99 Down Payment*, 592 N.W.2d at 694.

## III.    MERITS

### A.     Motion to Vacate Arbitration Award

DLR claims the arbitration award should be set aside because the arbitrator exceeded his powers (Iowa Code section 679A.12(1)(c)) and substantial evidence does not support the award (Iowa Code section 679A.12(1)(f)).

Iowa Code chapter 679 regulates arbitration in Iowa and reflects limited judicial involvement. Once an arbitration award has been issued, a party may apply to the district court to confirm, vacate, or correct the award. *See* Iowa Code §§ 679A.11–13. Section 679A.12 sets forth specific circumstances for vacating an arbitration award. "The fact that the relief awarded could not or would not be granted by a court of law or equity is not grounds for vacating . . . the award." *Id.* § 679A.12(2); *see also Ales*, 728 N.W.2d at 839. "As long as an arbitrator's award does not violate one of the provisions of section 679A.12(1), we will not correct errors of fact or law." *Ales*, 728 N.W.2d at 839.

> [A]rbitration decisions are not . . . closely scrutinized. A refined quality of justice is not the goal in arbitration matters. Indeed, such a goal is deliberately sacrificed in favor of a sure and speedy resolution. Under our common-law view, the purpose of arbitration is to end disputes without court participation. It is no idle coincidence that the words "arbitration" and "arbitrary" are both derived from the same Latin word.

*Reicks v. Farmers Commodities Corp.*, 474 N.W.2d 809, 811 (Iowa 1991).

### 1.      The Arbitrator Exceeded His Powers

DLR asks us to find the arbitrator exceeded his powers by finding the District's claims were contractual and not negligence claims and, as a result, are barred by the applicable statute of limitations.

Iowa Code section 679A.12(1)(c) states, upon application of a party, the district court shall vacate an award if "[t]he arbitrators exceeded their powers." The arbitrator's power and authority is defined by any arbitration agreement between the parties and Iowa Code section 679A. *Humphreys*, 491 N.W.2d at 516. Our supreme court has described the role of the arbitrator, stating:

> Put most simply, the arbitrator is the parties' officially designated "reader" of the contract. He (or she) is their joint *alter ego* for the purpose of striking whatever supplementary bargain is necessary to handle the anticipated unanticipated omissions of the initial agreement. Thus, "misinterpretation" or "gross mistake" by the arbitrator becomes a contradiction in terms. In the absence of fraud or an overreaching of authority on the part of the arbitrator, he is speaking for the parties, and his award *is* their contract. That is what the "final and binding" language of the arbitration clause says. In sum, the arbitrator's award should be treated as though it were a written stipulation by the parties setting forth their own definitive construction of the labor contract. . . . Absent limitation by the parties to the contrary, the arbitrator becomes the final judge of the facts and law. Thus, "[m]istakes of either fact or law are among the contingencies the parties assume when they submit a dispute to arbitration."

*Id.* (citations omitted)

Here, the agreement between DLR and the District included an arbitration clause. The clause states that "[a]ny claim or dispute or other matter in question arising out of or related to this Agreement may be subject to arbitration if both parties agree." DLR agreed to participate in arbitration after the District allowed it to choose between arbitration or suit in the district court.

DLR's argument on appeal does not claim the arbitrator exceeded his authority as defined in the agreement, rather DLR argues the arbitrator exceeded his authority by misapplying the law. Our role, on appeal, is merely to determine if the district court made an error of law in its application of the grounds listed in section 679A.12 for vacating an arbitration award. Our role is not to inquire into the propriety of the arbitrator's application of the law—we merely determine if he acted within the powers granted by the arbitration agreement. *See id.* Upon our review, we conclude the district court properly found the arbitrator did not exceed

his powers due to the arbitrator acting within the scope of the arbitration agreement.

## 2. Substantial Evidence

DLR claims substantial evidence does not support the arbitrator's finding DLR breached its contract with the District; therefore, the district court should have vacated the arbitration award.

Iowa Code section 679A.12(1)(f) states the district court shall vacate an arbitration award if:

> Substantial evidence on the record as a whole does not support the award. The court shall not vacate an award on this ground if a party urging the vacation has not caused the arbitration proceedings to be reported, if the parties have agreed that a vacation shall not be made on this ground, or if the arbitration has been conducted under the auspices of the American arbitration association.

Here, the parties did not agree "a vacation shall not be made on this ground" and the arbitration was not "conducted under the auspices of the American arbitration association." While DLR had a majority of the arbitration proceedings reported, the direct examination of the District's first witness was not reported.

"Generally, evidence is substantial if a reasonable person would accept the evidence as sufficient to reach a conclusion." *Id.* This court does not consider evidence to be insubstantial merely because different conclusions can be drawn from the evidence. *State v. Dohlman*, 725 N.W.2d 428, 430 (Iowa 2006). "[T]he ultimate question is whether the evidence supports the finding actually made, not whether the evidence would support a different finding." *Id.*

The arbitrator found DLR had violated section 1.2.3.8 of its agreement with the District, which provides: "The Architect shall provide all services in compliance with requirements of the Contract Documents and in the best interest of the Owner." In reviewing the arbitration award, the district court reasoned:

> [T]he Court finds substantial evidence supports the Arbitrator's finding that DLR violated section 1.2.3.8. The Arbitrator found that section 1.2.3.8 was breached:
>> when [DLR] recommend both the process and products to be used in correcting the unlevel floors. Had it acted in the best interest of the District, it would have warned the District that such products should not be used when it should have known that water was trapped beneath the floor slab: In addition, [DLR did not assure] that a proper bonding agent was used to adhere the floor leveling product.
>
> . . . DLR argues that this finding is incorrect as DLR told the District that a moisture test should be performed before the products were used. The Court finds that this evidence does not upset the Arbitrator's finding that DLR did not tell the District that the product should not be used. Rather, it only shows that DLR put the task on a different party to figure out if the product should be used. According to the Arbitrator, this placing of responsibility on others was not acting in the "best interest" of the District as required by the Contract.
>
> Additionally, the finding that DLR should have known that the water was trapped beneath the floor slab if it performed the services in the best interest of the District is supported by substantial evidence. DLR designed the vapor barrier to go below the rock fill. Although the Arbitrator found this was not a breach of the Contract, the Arbitrator recognized the drawbacks of this design, the potential for moisture to become trapped in the aggregate fill. . . . The Arbitrator also noted that the conditions were wet during construction. . . . There was evidence DLR knew about the wet conditions in April 2003 as well. . . . Therefore, the finding that DLR should have known that the water was trapped beneath the floor slab is based on substantial evidence in the record as DLR chose a design that traps moisture and construction was performed during a rainy period.

Upon our review, we agree with the district court's conclusion substantial evidence supports the arbitrator's decision DLR violated section 1.2.3.8 of its agreement with the District.

## B.    Nunc Pro Tunc Order

DLR claims the district court erred in granting the District's motion for an order nunc pro tunc. DLR claims the District sought to clarify more than a mere "clerical error," rather the District sought an order from the arbitrator changing the basis for his decision. DLR also claims the requested nunc pro tunc order requested relief going beyond the parameters of such an order, the requested relief was untimely, and the requested relief was beyond the scope of limited relief allowed in Iowa Code section 679A.9.

Section 679A.9 provides, "On application of a party or, if an application to the district court is pending under sections 679A.11 to 679A.13, on submission to the arbitrators by the district court under the conditions the district court orders" the arbitrator may "modify or correct the award upon the grounds stated in section 679A.13, subsection 1, paragraphs 'a' and 'c,' or for the purpose of clarifying the award. The application shall be made within twenty days after delivery of the award to the applicant." Section 679A.13 (1)(a) and (c) provides:

> 1. Upon application made within ninety days after delivery of a copy of the award to the applicant, the district court shall modify or correct the award if any of the following apply:
>> a. There is an evident miscalculation of figures or an evident mistake in the description of a person, thing, or property referred to in the award.
>> . . . .
>> c. The award is imperfect in a matter of form, not affecting the merits of the controversy.

In finding the District's motion was timely, the district court reasoned:

> Thus, this Court finds that there is no time restriction within Iowa Code section 679A.9 for the district court to submit to the arbitrator to modify, correct, or clarify the award. The arbitrator's authority to clarify the award would include issuing a nunc pro tunc award, if appropriate. Further, this construction of the statute is supported by the last sentence of section 679A.9, which provides: "The modified or corrected award is subject to section 679A.11 to 679A.13." Allowing for application to the district court would not be necessary if the first use of the word "application" did not mean an application made directly to the arbitrator.

The district court found the relief sought by the District was the kind of relief contemplated by Iowa Code section 679A.9 and may be permitted.

We affirm the district court's decision to submit the arbitration award to the arbitrator for clarification on whether his decision to cite section 1.2.3.6 instead of 1.2.3.8 was merely a clerical error or not.

## C.     Other Issues

Finally, DLR claims the amended arbitration decision does not support the State's policy of favoring arbitration and the district court erred in granting the District's motion to confirm the arbitration award. DLR has not provided citations for either claim. A party's failure in a brief to cite authority in support of an issue may be deemed a waiver of that issue. Iowa R. App. P. 6.903(2)(g)(3) (stating the argument section shall include "[a]n argument containing the appellant's contentions and the reasons for them with citations to the authorities relied on and references to the pertinent parts of the record . . . [and f]ailure to cite authority in support of an issue may be deemed waiver of that issue"); *see also Metro. Jacobson Dev. Venture v. Bd. of Review*, 476 N.W.2d 726, 729 (Iowa Ct. App. 1991). We do not consider conclusory statements not supported by legal

argument. *See, e.g.*, *Baker v. City of Iowa City*, 750 N.W.2d 93, 103 (Iowa 2008) (holding that a party's "conclusory contention" was waived when the party failed to support it with an argument and legal authorities). Therefore, we find these issues waived.

## IV.     CONCLUSION

We affirm the district court's ruling that concluded the arbitrator did not exceed his authority and substantial evidence supports the arbitration award. The district court properly used a nunc pro tunc order to allow the arbitrator to fix a clerical error in the arbitration award. We find DLR's other issues on appeal are waived due to its failure to comply with our rules of appellate procedure.

**AFFIRMED.**