# IN THE COURT OF APPEALS OF IOWA

No. 25-0014
Filed December 3, 2025

**CITY OF COLFAX,**
    Petitioner-Appellant,

**vs.**

**TEAMSTERS LOCAL UNION 238,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Jasper County, Thomas P. Murphy, Judge.


The City of Colfax appeals the district court's ruling granting summary judgement for the Teamsters Union in an employment dispute. **AFFIRMED.**


Melissa A. Schilling (argued) and Anthony D. Siegrist of Dickinson, Bradshaw, Fowler & Hagen, P.C., Des Moines, for appellant.

Emily Schott Hood of Rush & Nicholson, P.L.C., Cedar Rapids, and Jill M. Hartley (pro hac vice) (argued) of The Previant Law Firm, S.C., Milwaukee, Wisconsin, for appellee.


Heard at oral argument by Schumacher, P.J., and Chicchelly and Buller and Langholz and Sandy, JJ.

**CHICCHELLY, Judge.**

The City of Colfax appeals the district court's ruling granting summary judgement for the Teamsters Union in an employment dispute that went to binding arbitration.  Colfax argues (1) the arbitrator exceeded her authority in sustaining the union's grievance, (2) "just cause" is not required to terminate Officer Clark, (3) due process is not required in the collective bargaining agreement, (4) there is no progressive discipline requirement, and (5) the district court rewrote the arbitrator's findings.  We find the district court did not err in finding the arbitrator acted within her authority, so we affirm.

## I.     Background Facts and Proceedings

In April 2023, the City of Colfax's Police Chief recommended Police Officer Andrea Clark be terminated.  The city council approved the termination.  The Teamsters Local Union 238[1] filed a grievance on behalf of Clark.  The parties proceeded to binding arbitration.

In January 2024, the arbitrator issued an award sustaining the union's grievance and reinstating Clark to her position as a police officer.  The arbitrator found (1) termination was not a proper remedy for the alleged rule violations by Clark, (2) Clark was not given notice of the allegations against her or an opportunity to be heard prior to termination, and (3) Colfax did not engage in progressive discipline as contemplated by the agreement prior to terminating Clark.

---

[1] Colfax and the union are parties to a collective bargaining agreement that contains a grievance procedure including binding arbitration. The collective bargaining agreement is referred to as "the agreement" throughout this opinion.

Colfax filed an application to vacate the award in April 2024. The parties filed cross-motions for summary judgment. The district court issued its order granting the union's motion for summary judgment and denying Colfax's motion for summary judgment. Colfax now appeals.

## II. Review

We review an appeal from a district court's review of an arbitration award for correction of errors at law. *Ales v. Anderson, Gabelmann, Lower & Whitlow, P.C.*, 728 N.W.2d 832, 839 (Iowa 2007). "However, our review is limited." *Id.*; *see also Humphreys v. Joe Johnston L. Firm, P.C.*, 491 N.W.2d 513, 514 (Iowa 1992) ("Judicial review of arbitration awards is very limited in Iowa."). "Our function is not to determine whether the arbitrator has correctly resolved the grievance." *Ales*, 728 N.W.2d at 839. This is because "[o]ur law favors arbitration as an alternative to civil litigation. Arbitration avoids the expense and delay generally associated with traditional civil litigation, and draws on experts in the specific area of the dispute to resolve the matter." *$99 Down Payment, Inc. v. Garard*, 592 N.W.2d 691, 694 (Iowa 1999) (internal citation omitted). "Our supreme court has made clear:

> To allow courts to "second guess" an arbitrator by granting a broad scope of judicial review would nullify the very advantages of arbitration. Moreover, limited judicial review gives the parties what they bargain for in agreeing to binding arbitration, not merely arbitration which is binding if a court agrees with the arbitrator's award.

*Id.* (internal citation omitted). "The fact that the relief awarded could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award." Iowa Code § 679A.12(2) (2024).

"A refined quality of justice is not the goal in arbitration matters. Indeed such a goal is deliberately sacrificed in favor of a sure and speedy resolution." *Humphreys*, 491 N.W.2d at 515 (quoting *Reicks v. Farmers Commodities Corp.*, 474 N.W.2d 809, 811 (Iowa 1991) (en banc)). "As long as an arbitrator's award does not violate one of the provisions of section 679A.12(1), we will not correct errors of fact or law." *Ales*, 728 N.W.2d at 839.

## III. Discussion

Colfax argues the district court erred when it did not vacate the arbitration award. They argue (1) the district court rewrote the arbitrator's findings, (2) "just cause" is not required to terminate Officer Clark, (3) due process is not required in the collective bargaining agreement, (4) and there is no progressive discipline requirement. We address each in turn.[2]

At the core of Colfax's claim is that the arbitrator exceeded her authority under Iowa code section 679A.12(1)(c). The arbitrator's power and authority is defined by any arbitration agreement between the parties and Iowa Code chapter 679A. *Humphreys*, 491 N.W.2d at 516. In *Humphreys*, our supreme court prescribed the role of the arbitrator, stating:

> Put most simply, the arbitrator is the parties' officially designated "reader" of the contract. He (or she) is their joint *alter ego* for the purpose of striking whatever supplementary bargain is necessary to handle the anticipated unanticipated omissions of the initial agreement. Thus, "misinterpretation" or "gross mistake" by the arbitrator becomes a contradiction in terms. In the absence of fraud or an overreaching of authority on the part of the arbitrator, he is

---

[2] We assume without deciding error was preserved on each issue. The district court order stated, "Even if the arbitrator exceeded her powers by examining "due process" and 'just cause,' she had the power to determine if what the officer did was serious enough to warrant termination." We do not decide whether that is sufficient to preserve error and proceed to the merits.

> speaking for the parties, and his award is their contract. That is what the "final and binding" language of the arbitration clause says. In sum, the arbitrator's award should be treated as though it were a written stipulation by the parties setting forth their own definitive construction of the labor contract. Absent limitation by the parties to the contrary, the arbitrator becomes the final judge of the facts and law. Thus, "[m]istakes of either fact or law are among the contingencies the parties assume when they submit a dispute to arbitration."

*Id.* (internal citations omitted) (alteration in original). The arbitrator's authority was defined by the parties in the agreement. The relevant portion of the agreement states:

> The Arbitrator shall not have the power to add to, subtract from, or in any manner modify the terms of this Agreement. The decision of the Arbitrator shall be final and binding on the parties, and the Arbitrator shall be requested to issue his/her decision within thirty (30) days after the conclusion of the hearing.

Here, the terms of the agreement require Colfax to either (1) exhaust all other forms of discipline or (2) show the seriousness of the offense warrants termination under the terms of the agreement. The arbitrator found "[e]ven if Clark's behaviors as addressed in the city's enumerations were valid, termination of employment was too harsh a penalty." We conclude that finding was within the authority of the arbitrator and is binding on the parties.

a. *Is just cause and due process required to terminate Officer Clark?*

Colfax alleges the arbitrator exceeded her authority by finding just cause and due process is required before Officer Clark may be terminated. The arbitrator relied on the United States Supreme Court's decision in *Cleveland Board of Education v. Loudermill*. *See* 470 U.S. 532, 546 (1985). In that case, the Supreme Court addressed the process a public employee is entitled to before termination by stating:

> The essential requirements of due process, and all that respondents seek or the Court of Appeals required, are notice and an opportunity to respond. The opportunity to present reasons, either in person or in writing, why proposed action should not be taken is a fundamental due process requirement.

*Id.* The arbitrator expressly did not impose a just-cause requirement on Colfax. Instead, she found due process is the only component of just cause that is required. The arbitrator relied on the fact that "Clark was not provided with advance notice of the charges against her nor was she provided a meaningful opportunity to respond to the charges." So, we turn to the agreement to determine if due process is required.

> The agreement states that if an employee's conduct violates the rules,

> the City Administrator or supervisor shall inform the employee promptly and specifically of such deficiencies. If appropriate and justified, following a discussion of the matter, a reasonable time for improvement or correction may be allowed before any further disciplinary action is initiated. In situations where an oral warning has not resulted in the correction of the condition or where more severe initial action is warranted, a written reprimand shall be sent to the employee and a copy placed in the employee's personal folder.

There is a requirement that the employee be informed of a violation of the rules prior to more serious discipline being imposed. Further, the employee is entitled to invoke the agreement's grievance procedure but cannot do so without first having notice of the alleged violations and the opportunity to speak with a city administrator or supervisor.

Therefore, we find the arbitrator did not exceed her authority in stating that the agreement required due process before termination.

*b.      Is progressive discipline required before termination?*

Next, Colfax argues the arbitrator exceeded her authority by finding it was required to engage in progressive discipline before terminating Clark.  While we agree the words "progressive discipline" do not appear in the agreement, a progressive discipline structure does.

Article 8 of the agreement governs discipline and termination.  Section A establishes the potential penalties for violations of the rules in the following manner:

1.  Oral Warning
2.  Written reprimand
3.  Suspension with loss of pay
4.  Demotion to a lower pay grade for a period not to exceed ninety (90) days
5.  Discharge

Then section B states that upon a violation, the employee's supervisor shall inform the employee and give the employee a reasonable opportunity to improve "before any further disciplinary action is initiated."  Section C, which covers suspension, states "where one or more written reprimands have not proven to be effective, or in those cases where the seriousness of the events or conditions warrant it, an employee may be suspended."  And finally, section D allows for termination if "other forms of disciplinary action have proven ineffective or where the seriousness of the offense or condition warrants."

We find the agreement establishes a progressive discipline model with exceptions for serious offenses and the arbitrator did not exceed her authority by stating that a progressive discipline model existed.

*c.      Did the district court rewrite the arbitrator's findings?*

First, Colfax alleges the district court rewrote the arbitrator's finings to avoid finding the arbitrator exceeded her authority under Iowa Code section 679A.12(1)(c). They allege the district court ignored the discussion of "just cause," "due process," and "progressive discipline," which are not mentioned anywhere in the agreement. Our review of the record does not support that conclusion. The district court's review of the arbitrator's decision is required to be extremely deferential. *See $99 Down Payment*, 592 N.W.2d at 694 ("Our law also indulges every reasonable presumption in favor of the legality of an arbitration award. Consequently, judicial involvement in arbitration is very limited." (internal citation omitted)).

At the outset, we have already resolved Colfax's arguments regarding just cause, due process, and progressive discipline. In reviewing whether the arbitrator exceeded her authority, the district court found:

> Even if the arbitrator exceeded her powers by examining "due process" and "just cause," she had the power to determine if what the officer did was serious enough to warrant termination. The arbitrator specifically found that nothing the officer did warranted the "too harsh a penalty" of termination. That decision did not "add to, subtract from, or in any manner modify" the agreement.

We agree with the district court that this decision was within the arbitrator's authority, and we find no instance where the arbitrator exceeded her authority. So, we find the district court conducted a thorough review of the arbitration award and did not commit any legal error in its review. Accordingly, we affirm.

**IV.    Conclusion**

Because we conclude the district court correctly found the arbitrator was within her authority to find the termination was not warranted, we affirm.

**AFFIRMED.**