**WESLEY RETIREMENT SERVICES, INC., Appellee,**

v.

**HANSEN LIND MEYER, INC., Appellant.**

**No. 97–1027.**

Supreme Court of Iowa.

April 28, 1999.

Joseph A. Happe and Patrick D. Smith of Huber, Book, Cortese, Happe & Brown, P.L.C., Des Moines, for appellant.

John R. Mackaman and F. Richard Lyford of Dickinson, Mackaman, Tyler & Hagen, P.C., Des Moines, for appellee.

Considered by LARSON, P.J., and LAVORATO, SNELL, TERNUS, and CADY, JJ.

TERNUS, Justice.

Appellee, Wesley Retirement Services, Inc., filed suit against appellant, Hansen Lind Meyer, Inc. (HLM), alleging two contract claims and one tort claim arising out of HLM's performance of architectural services for Wesley. HLM filed a motion to compel arbitration, which the district court granted as to the contract claims and denied as to the tort claim. HLM appeals, asserting the court erred in ruling that tort claims were not subject to arbitration under Iowa Code chapter 679A (1997). Wesley cross-appeals from that part of the court's decision ordering arbitration of the contract claims, arguing HLM waived its contractual right to demand arbitration. Finding no basis for reversal, we affirm.

I. *Factual and Procedural Background.*

In a written contract between HLM and Wesley, HLM agreed to provide architectural services for a retirement care facility being built by Wesley. The contract provided that upon written demand of one of the contracting parties, any claim or dispute arising out of or related to the contract shall be decided by arbitration.

After construction of the facility was substantially completed in September 1992, a dispute developed between the parties concerning alleged defects in the design and construction of the building. Wesley's attorney suggested mediation, but HLM was reluctant to engage in mediation without a better understanding of Wesley's claims.

On June 4, 1996, Wesley filed suit in district court alleging that HLM breached the contract and was negligent in the performance of its contractual duties. HLM filed an answer denying Wesley's allegations of fault and alleging several affirmative defenses. HLM did not assert a right to arbitrate Wesley's claims.

On September 18, 1996, the parties agreed to a uniform scheduling order, setting deadlines for adding new parties (February 26, 1997), for discovery (May 23, 1997), and for disclosure of experts (February 25, 1997 for Wesley and March 25, 1997 for HLM). The stipulated order also scheduled trial for August 25, 1997. Wesley subsequently served interrogatories and a request for production of documents on February 18, 1997, and a day later amended its petition. Wesley also timely designated its expert witnesses and provided their reports to HLM. HLM initiated no discovery and filed no motions.

Meanwhile, the parties continued to discuss mediation, and eventually conducted a full day of mediation with a privately retained mediator on April 1, 1997. Mediation proved unsuccessful, however, and on April 8, 1997, HLM filed a motion to compel arbitration. Wesley resisted the motion, claiming that HLM had waived its right to arbitrate and that the arbitration clause was unenforceable because it was contained in a contract of adhesion. Wesley also pointed out that arbitration of tort claims was unavailable under Iowa law.

In its ruling on HLM's motion, the court held there was no waiver, but did agree that Iowa Code section 679A.1 prevented

the enforcement of arbitration clauses with respect to claims sounding in tort. The court ordered that the contract claims asserted by Wesley against HLM be arbitrated, but denied arbitration of the tort claim.

HLM filed this appeal, alleging that the trial court abused its discretion in refusing arbitration of Wesley's tort claim. HLM asserts two grounds in support of its appeal: (1) denying arbitration of the tort claim while compelling arbitration of the contract claims is contrary to the intent of the Iowa Arbitration Act, Iowa Code chapter 679A; and (2) to the extent Iowa's arbitration law does not allow arbitration of negligence claims, it is preempted by the Federal Arbitration Act. On its cross-appeal, Wesley raises three issues: (1) the conditions precedent to arbitration required by the parties' contract were not satisfied by HLM; (2) HLM waived its right to compel arbitration; and (3) the contract between the parties was a contract of adhesion and therefore is unenforceable under Iowa's arbitration statute. HLM also challenges Wesley's right to file an appeal, arguing that the decision from which Wesley cross-appeals—one *ordering* arbitration—is not appealable as a matter of right.

II. *HLM's Appeal: Did the District Court Err in Denying HLM's Motion to Compel Arbitration of Wesley's Tort Claim?*

■ A. *Preservation of error and scope of review.* Before we address the merits of the district court's ruling, we first consider Wesley's contention that HLM did not preserve error on its claim that the Iowa exemption of tort claims from arbitration is preempted by federal law. "Ordinarily, issues must be raised and decided by the trial court before they may be raised and decided on appeal." *Peters v. Burlington N. R.R.*, 492 N.W.2d 399, 401 (Iowa 1992). Here, HLM did not make a federal preemption argument in the district court, and consequently, the

district court did not decide whether the federal act preempted Iowa's tort-claim exception. Under these circumstances, this issue was not preserved for our review.

■ The only issue that remains with respect to HLM's appeal is whether the district court correctly interpreted the Iowa Arbitration Act. *See* Iowa Code ch. 679A. We review issues of statutory interpretation for correction of errors of law. *See In re E.H. III*, 578 N.W.2d 243, 245 (Iowa 1998).

B. *Scope of tort-claim exemption.* Iowa's arbitration statute provides that a written agreement to arbitrate a future controversy is "valid, enforceable, and irrevocable unless grounds exist at law or in equity that would support revocation of the contract." Iowa Code § 679A.1(2). In refusing to enforce the parties' arbitration agreement with respect to Wesley's tort claim, the district court relied on an exception to the statute's general validation of arbitration clauses. Section 679A.1(2) lists three exceptions to the enforceability of arbitration agreements. The one pertinent to the present discussion encompasses "any claim sounding in tort whether or not involving a breach of contract," unless so provided in a separate writing executed by the parties. *Id.* § 679A.1(2)(c). There is no claim here that the parties executed a separate writing making tort claims subject to the contractual arbitration clause. Therefore, the only issue before us is the meaning and scope of the tort-claim exception to arbitration.

■ Our rules of statutory interpretation are well established. "When the text of a statute is plain and its meaning clear, the court should not search for a meaning beyond the express terms of the statute...." *Henriksen v. Younglove Constr.*, 540 N.W.2d 254, 258 (Iowa 1995). Thus, we look to what the legislature said, not what it might or should have said. *See* Iowa R.App. P. 14(f)(13).

■ The application of these rules unequivocally supports the district court's in-

terpretation of section 679A.1(2)(c). The General Assembly plainly and clearly stated its intent in this statute; tort claims are *not* subject to arbitration. As the legislature explicitly stated, this is so regardless of whether the tort claims involve a breach of contract. Consequently, the negligence claim alleged by Wesley against HLM falls within the scope of this exception even though it arises out of the same facts that support Wesley's breach-of-contract claim. *See Reicks v. Farmers Commodities Corp.,* 474 N.W.2d 809, 810 (Iowa 1991) (stating in dicta that "[b]ecause a tort claim is involved, ... Iowa Code chapter 679A is not involved").

■ HLM attempts to overcome the language of the statute by claiming that a literal application of section 679A.1(2)(c) is contrary to the legislature's overall goal of promoting arbitration, and that such an interpretation produces an absurd result as well. It is true that this court will "look beyond the ordinary meaning of the statutory language when a statute's literal terms are in conflict with its general purpose." *State v. Hopkins,* 465 N.W.2d 894, 896 (Iowa 1991). In determining whether such a conflict exists, we "consider the objects sought to be accomplished and 'place a reasonable construction on the statute which will best effectuate its purpose rather than one which will defeat it.'" *Id.* (quoting *State v. Schlemme,* 301 N.W.2d 721, 723 (Iowa 1981)). Moreover, we seek to avoid absurd results. *See Hagen v. Texaco Refining & Mktg., Inc.,* 526 N.W.2d 531, 543 (Iowa 1995).

The problem with HLM's argument is that the legislature's intent as evidenced by section 679A.1 is not solely to facilitate the use of arbitration as an alternative to sometimes expensive and time-consuming litigation. *See generally Humphreys v. Joe Johnston Law Firm, P.C.,* 491 N.W.2d 513, 514 (Iowa 1992) (stating "[a]rbitration is looked on favorably as an alternative to civil litigation"). If that had been the sole purpose of chapter 679A, the legislature would not have specifically provided for

exceptions to the enforceability of arbitration agreements, as it did in section 679A.1(2). The fact that it did provide for an exception for tort claims evidences an intent to preserve litigants' traditional right to have their claims resolved in a court of law. Thus, the preservation of the conventional method of resolving tort suits in court is also a goal of the legislature in section 679A.1(2). It is certainly within the legislature's province to promote the efficient resolution of claims through arbitration, while at the same time recognizing that parties value the opportunity to have their claims heard in court. The legislature's balance of these inconsistent interests is reflected in its decision to exempt tort claims from the arbitration statute. We will not second guess the legislature's harmonization of these competing goals by ignoring its clear and explicit exemption of tort claims from the scope of chapter 679A.

We concede, as argued by HLM, that the tort-claim exception to the arbitration statute will result in some claims proceeding by arbitration and related claims remaining in court. This bifurcation can certainly generate inefficiencies. Nevertheless, it is still within the power of the parties to minimize these inefficiencies by voluntarily agreeing to have all the claims heard in court or all claims determined in arbitration. To the extent the parties cannot resolve this conflict, the legislature has simply balanced these competing interests by providing in chapter 679A that arbitration of contract claims may be compelled, but arbitration of tort claims may not, unless the parties specifically agree to do so. This balance, in our opinion, is not such an absurd result as to warrant our rewriting of the statute.

In conclusion, we hold that the district court correctly ruled that pursuant to section 679A.1(2)(c), Wesley's tort claim is not subject to the parties' arbitration agreement. Therefore, the court did not err in denying HLM's motion to compel arbitration of this claim.

III. *Wesley's Cross–Appeal: Did the District Court Err in Ordering Arbitration of Wesley's Contract Claims?*

■ A. *Appealability of order.* Before we address the merits of the district court's order compelling arbitration, we must consider HLM's argument that this order is not appealable as of right. HLM relies on section 679A.17(1), which specifies the types of orders under chapter 679A from which a party may take an appeal. This statute lists seven orders or judgments from which "[a]n appeal may be taken," including an order *denying* an application to compel arbitration. Iowa Code § 679A.17(1). Significantly, this statute does not include in its listing an order *compelling* arbitration. This omission, contends HLM, is consistent with the legislature's goal to promote arbitration as a speedy resolution of claims. Obviously, allowing an appeal from an order compelling arbitration would delay the arbitration, thereby depriving the moving party of a primary benefit of its contractual right to arbitrate.

Other jurisdictions considering the appealability of orders compelling arbitration under similar statutes have reached varying results. *Compare Jardine, Matheson & Co. v. Pacific Orient Co.*, 100 Cal.App. 572, 280 P. 697, 698–99 (1929) (holding that where statutory provisions for appeal did not include orders compelling arbitration, appeal was not available until completion of arbitration); *Hodes v. Comprehensive Health Assoc., P.A.*, 9 Kan.App.2d 36, 670 P.2d 76, 77–78 (1983) (holding statute allows appeals from denial of arbitration, but not from order compelling arbitration); *State ex rel. MCS Bldg. Co. v. KKM Med.*, 896 S.W.2d 51, 52 (Mo.Ct.App.1995) (under nearly identical statute, holding "[a]n order compelling arbitration is not a final appealable order because [the statute] does not authorize an appeal from an order compelling arbitration"), *with Evansville– Vanderburgh Sch. Corp. v. Evansville Teachers Ass'n*, 494 N.E.2d 321, 322, 323–

24 (Ind.Ct.App.1986) (holding that order compelling arbitration was final and appealable, even though such orders were not included in statute's list of appealable orders, and citing cases from other jurisdictions reaching the same conclusion).

The basis for the view that an order compelling arbitration is not final and appealable is twofold: (1) such orders are interlocutory and allowing them to be appealed would defeat the purpose of arbitration; and (2) the arbitration act specifies the orders and judgments from which appeal may be taken, but does not include orders compelling arbitration. The first rationale was succinctly stated by the Supreme Court of Ohio:

> We endorse the policy in favor of enforcing arbitration contracts to promote speed and efficiency and to lessen the burdens on the court system. To allow an immediate appeal from every order enforcing an arbitration clause would clearly defeat these policies. Moreover, the objective of prompt and orderly disposition of cases through the prohibition of interlocutory appeals would also be defeated if one could immediately appeal the order to arbitrate, then later appeal the arbitration order and any judgment remaining from the trial court.

*Bellaire City Sch. Bd. of Educ. v. Paxton*, 59 Ohio St.2d 65, 391 N.E.2d 1021, 1024 (1979). The second basis for the conclusion that an appeal from an order compelling arbitration must await an appeal of the arbitrator's decision was explained by the Kansas Court of Appeals:

> The fact that the legislature saw fit to specify in one code section the different orders and judgments from which appeals may be taken clearly indicates ... an intention to restrict the appeals in such proceedings to the orders and judgments therein specified; and the obvious reason for not including among such appealable orders the one which directs the parties to proceed with the arbitration was that if at the very threshold of the proceeding the de-

faulting party could appeal and thereby indefinitely delay the matter of arbitration, the object of the law and the purpose of the written agreement of the parties would be entirely defeated.

*Hodes,* 670 P.2d at 78. Support for the contrary view was summarized by the Indiana Court of Appeals:

> The rationale for holding orders compelling arbitration final and appealable is that the court has fully and effectively adjudicated the issue before it, and that delaying appeal until after arbitration compels the parties to engage in a useless arbitration proceeding if the order for arbitration was improper.... "When the trial judge ordered arbitration, he passed on the merits of the case. Therefore, the trial court judgment is a final judgment."

*Evansville–Vanderburgh Sch. Corp.,* 494 N.E.2d at 322 (quoting *Cajun Elec. Power Coop., Inc. v. Louisiana Power & Light Co.,* 334 So.2d 554, 555 (La.Ct.App.1976)).

 We find the reasoning of those courts holding that such orders are not final and appealable as a matter of right more persuasive and more consistent with our case law. Our rules of appellate procedure permit an appeal to this court of "[a]ll final judgments and decisions of the district court," but prohibit the appeal of an interlocutory ruling or decision unless this court has granted permission for such an appeal. Iowa R.App. P. 1. We have defined a final judgment or decision as

> one that finally adjudicates the rights of the parties, and it must put it beyond the power of the court which made it to place the parties in their original positions. It is a determination which may be enforced by execution or in some similar manner.

*Crowe v. De Soto Consol. Sch. Dist.,* 246 Iowa 38, 40, 66 N.W.2d 859, 860 (1954).

We think an order compelling arbitration is not one that finally adjudicates the rights of the parties. *See Chem–Ash, Inc. v. Arkansas Power & Light Co.,* 296 Ark.

83, 751 S.W.2d 353, 354 (1988) (court's order compelling arbitration "did not in effect determine the action or discontinue it"). The district court here merely decided that a decision on the merits of the contract claims must be made by an arbitrator. Under chapter 679A, such an order does not dispose of the court action, but merely imposes a stay pending the outcome of the arbitration. *See* Iowa Code § 679A.2(4). In addition, upon application of a party, the arbitrator's decision may be vacated, modified, corrected, or confirmed by the district court. *See id.* §§ 679A.11, .12, .13. A judgment modifying, correcting, or confirming the arbitration award is enforceable like any other judgment, *see id.* § 679A.14, and may be appealed in the same manner as any other judgment, *see id.* § 679A.17(1)(f), (2). Furthermore, a party's participation in the arbitration does not prevent it from contesting the arbitrability of the dispute in an appeal of the arbitrator's decision. *See Hawkins/Korshoj v. State Bd. of Regents,* 255 N.W.2d 124, 127 (Iowa 1977). Clearly, the parties' rights are not finally adjudicated when arbitration is first ordered; such a ruling is simply the initial step in obtaining a final adjudication.

Because the district court's ruling on HLM's motion to compel arbitration was not a final order or judgment and because orders compelling arbitration are not appealable under section 679A.17, Wesley cannot appeal as a matter of right. Wesley's improvident appeal is not, however, a basis for dismissal of its cross-appeal. *See* Iowa R.App. P. 1(d). We are required under our rules of appellate procedure to consider its notice of appeal as an application for interlocutory appeal. *See id.*

 An application for interlocutory appeal may be granted if the appealed ruling "involves substantial rights and will materially affect the final decision and ... a determination of its correctness before trial on the merits will better serve the interests of justice." Iowa R.App. P. 2(a). We think these requirements are met in

the present case. Wesley's right to have the claims against it heard in a court of law is a substantial right. In addition, the final decision will be materially affected in the sense that any decision of the arbitrator will be for naught if, on appeal, it is determined that the matter should not have been submitted to arbitration. Although typically an interlocutory appeal does not better serve the interests of justice, we think this hurdle is met here because that part of the district court's order denying arbitration is already before us on appeal as permitted by section 679A.17(1)(a). The efficient use of judicial resources prompts us to consider the correctness of the district court's entire ruling on arbitration, rather than doing so piecemeal. Therefore, under the procedural facts of this case, the interests of justice are better served by allowing Wesley's cross-appeal. Accordingly, we grant permission for Wesley to bring an interlocutory appeal of the district court's order granting HLM's motion to compel arbitration. We caution that our action in allowing this interlocutory appeal should not be taken as an indication that an interlocutory appeal of a decision ordering arbitration will be granted where there is no pending appeal in the same case of an order denying arbitration.

B. *Scope of review.* We have recently stated that a district court's ruling on a motion to compel arbitration is reviewed for abuse of discretion. *See Modern Piping, Inc. v. Blackhawk Automatic Sprinklers, Inc.,* 581 N.W.2d 616, 620 (Iowa 1998). The authority for this statement was our opinion in *Des Moines Asphalt & Paving Co. v. Colcon Industries Corp.,* 500 N.W.2d 70, 73 (Iowa 1993), wherein we concluded that "the district court abused its discretion in denying [the defendant's] motion to compel arbitration." The standard of review was not an issue in the *Des Moines Asphalt* case and was not discussed. Upon reflection, we conclude that our reference to abuse of discretion in the *Des Moines Asphalt* case was ill-advised.

The statute authorizing a court to compel arbitration states: "On application of a party showing an agreement described in section 679A.1 and the opposing party's refusal to arbitrate, the district court *shall* order the parties to proceed with arbitration." Iowa Code § 679A.2(1) (emphasis added). This statute does not provide for the exercise of discretion by the district court; if the statutory prerequisites for arbitration are met, the court *"shall"* order arbitration. *See Willett v. Cerro Gordo County Zoning Bd. of Adjustment,* 490 N.W.2d 556, 559 (Iowa 1992) (holding that use of the word "shall" in statute "exclud[ed] the idea of discretion"). Therefore, our review is for the correction of errors of law. *Cf. Bullis v. Bear, Stearns & Co.,* 553 N.W.2d 599, 601 (Iowa 1996) (reviewing for correction of errors at law the district court's denial of motion to compel arbitration under Federal Arbitration Act, 9 U.S.C. § 4 (1994) (requiring court to order arbitration if statutory prerequisites are satisfied)). To the extent our prior cases state otherwise, they are overruled.

C. *Preservation of error.* As noted above, Wesley raises three grounds on appeal in support of its position that the district court's decision to compel arbitration of Wesley's contract claims should be reversed: (1) HLM failed to comply with the contractual prerequisites for arbitration; (2) HLM waived its right to arbitrate; and (3) the arbitration provision is unenforceable because it is contained in a contract of adhesion. Upon our review of the record, we conclude that error was not preserved on the first and third issues.

We have already stated that an issue not raised in the district court and ruled upon by that court cannot be considered for the first time on appeal. *See Peters,* 492 N.W.2d at 401. Wesley did not resist HLM's motion to compel arbitration on the basis that HLM failed to meet the contractual requirements for arbitration. Consequently, the court did not address this issue in its ruling on HLM's motion.

Although Wesley did allege in its resistance that the agreement to arbitrate was unenforceable because the parties' contract was an adhesion contract, the district court did not rule on this issue. Wesley did not file an Iowa Rule of Civil Procedure 179(b) motion requesting such a ruling. Therefore, neither issue was preserved for review. *See Clinton Nat'l Bank v. Kirk Gross Co.*, 559 N.W.2d 282, 283 n. 3 (Iowa 1997). Consequently, we consider on appeal only the issue of waiver.

■ D. *Waiver.* Whether a waiver has occurred is generally a fact question. *See In re B.G.C.*, 496 N.W.2d 239, 243 (Iowa 1992); *Scheetz v. IMT Ins. Co. (Mut.)*, 324 N.W.2d 302, 304 (Iowa 1982); *Wemer v. Long*, 185 N.W.2d 243, 247 (Iowa 1971). The issue is one for the court to decide. *See Clinton Nat'l Bank*, 559 N.W.2d at 284. Here the district court found that HLM had not waived its right to demand arbitration by participating without objection in Wesley's lawsuit. This finding is binding on appeal if supported by substantial evidence. *See* Iowa R.App. P. 14(f)(1).

■ We start initially with the legal standard for the establishment of waiver of a right to arbitration. "The essential test for waiver of arbitration requires conduct or activity inconsistent with the right to arbitration *and* prejudice to the party claiming waiver." *Clinton Nat'l Bank*, 559 N.W.2d at 284 (quoting *Tjeersdma v. Global Steel Bldgs., Inc.*, 466 N.W.2d 643, 645 (S.D.1991)) (emphasis in original). Factors relevant to an assessment of prejudice include the delay in the moving party's request for arbitration and the extent of the moving party's trial-oriented activity. *See id.* Prejudice can be shown by "lost evidence, duplication of efforts, or the use of discovery methods unavailable in arbitration." *Id.* We have stated that evidence of waiver must be compelling. *See id.*

The district court utilized these legal principles in determining whether HLM had waived its right to arbitrate. There-

fore, there is no error with respect to the law applied by the district court. That leaves only the question of whether the court's factual finding on the issue of waiver is supported by substantial evidence.

■ In finding that a waiver had not occurred, the district court observed that very little discovery had taken place and that the major efforts of the parties from Wesley's filing of the petition in June 1996 through HLM's motion to arbitrate filed on April 8, 1997 had been directed toward settlement of the case. The district court concluded there was insufficient evidence of prejudice. A review of the record reveals substantial evidence supporting the district court's finding on the waiver issue.

■ Although HLM's delay in seeking arbitration in this case was significant and its participation in the scheduling order could be considered trial-oriented activity, other facts indicate there was no prejudice to Wesley. HLM, the moving party, initiated no discovery, and consequently did not obtain the benefit of discovery methods unavailable in arbitration. In addition, Wesley has not pointed to any evidence that was lost during the pendency of the lawsuit, nor has it argued that the parties engaged in activities that would be duplicated in the arbitration proceeding. As we made clear in *Modern Piping*, a mere delay in seeking arbitration will not support a finding of waiver in the absence of some resultant prejudice. 581 N.W.2d at 620.

The circumstances of this case are far different from the facts in *Modern Piping*, a case in which we affirmed a finding of waiver. In *Modern Piping*, the moving party had significant trial-oriented activity; it was the party who had initiated the lawsuit in district court and it had utilized discovery methods unavailable in arbitration. *Id.* at 621. In contrast, the moving party here did not commence litigation and, as we have noted, initiated no discovery. In addition, the eighteen-month delay between the filing of the civil action

and the request for arbitration in *Modern Piping* is twice the nine-month delay that occurred here. *See id.* And finally, the request for arbitration in *Modern Piping* was filed only five days before trial, whereas in the present case, trial was more than four months away. *See id.* We think these factual differences sufficiently distinguish the *Modern Piping* case from the one before us.

 Finally, Wesley urges the court to adopt a bright-line rule that any right to arbitration must be asserted prior to the trial-setting conference date. *See* Iowa R. Civ. P. 181 (requiring clerk to schedule a trial-setting conference no later than 120 days after commencement of the case). We can discern no advantage to such an arbitrary cutoff of a party's contractual arbitration rights. Such a rule is particularly inappropriate where the intent of the legislature is to facilitate the arbitration of disputes. Moreover, the suggested rule would effectively eliminate the need to show prejudice and would be contrary to our requirement that evidence of waiver be compelling. For these reasons, we decline to set an automatic cutoff date for the assertion of arbitration rights.

In conclusion, we find no error in the district court's ruling that HLM had not waived its right to arbitration. The district court applied the correct legal test for waiver and substantial evidence supported its factual finding. Accordingly, the district court did not err in compelling arbitration of Wesley's contract claims.

IV. *Summary.*

The district court correctly interpreted Iowa Code section 679A.1(2)(c) in holding that the parties' arbitration agreement was not enforceable with respect to Wesley's tort claim. Therefore, the court did not err in denying HLM's motion to compel arbitration of this claim.

Nor did the district court err in compelling arbitration of Wesley's contract claims. The evidence supports the court's

finding that HLM did not waive its contractual right to arbitration.

**AFFIRMED ON APPEAL AND ON CROSS–APPEAL.**