# IN THE COURT OF APPEALS OF IOWA

No. 17-0274
Filed July 5, 2018

**ELLEN MCCULLOUGH by and through her Conservator, LYNN COLLINS SEABA,**
       Plaintiff-Appellee,

**vs.**

**EMERITUS CORPORATION d/b/a EMERITUS AT SILVER PINES, et. al,**
       Defendants-Appellants.
_____

       Appeal from the Iowa District Court for Linn County, Christopher L. Bruns,

Judge.


       Defendants appeal from the district court's ruling denying their motion to

compel arbitration.  **AFFIRMED.**


       Skylar J. Limkemann of Scheldrup Blades Schrock Smith, P.C., Cedar

Rapids, for appellants.

        Benjamin P. Long and Pressley Henningsen of RSH Legal, P.C., Cedar

Rapids, for appellee.


       Heard by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Defendants appeal from the district court's ruling denying their motion to compel arbitration. Because the district court did not err in determining defendants waived their right to arbitration, we affirm the district court's ruling.

## I. Background Facts and Proceedings.

In February 2015, Dennis McCullough, one of Ellen McCullough's six children, filed suit on Ellen's behalf as her court-appointed guardian and conservator (collectively "plaintiffs") against various defendants related to the Silver Pines residential care facility. The defendants included Emeritus Corporation and other legal entities that did business as Emeritus at Silver Pines (collectively Silver Pines), as well as Silver Pines's nursing director Jodie Bevans and its administrator Michael Hunter (all defendants collectively "defendants").

The underlying facts related to this appeal are not in dispute. The parties agree that in March 2013, Ellen was admitted to Silver Pines by James McCullough, another of Ellen's children, who, at that time, had Ellen's power of attorney. As a part of the admissions process, Jim signed an "Agreement to resolve disputes by binding arbitration" with Silver Pines on Ellen's behalf. The agreement stated, among other things, that the parties to the agreement would first attempt to settle any disputes between themselves, then, if they were unable to do so, the matter "shall be resolved exclusively by binding arbitration and not by lawsuit or resort to the judicial process, except to the extent that applicable law provides for judicial review of arbitration proceedings."

Plaintiffs filed their petition in the Iowa District Court in February 2015. Defendants filed their answer in April 2015, generally denying the claims asserted

against them. They also asserted affirmative defenses, including "that some or all of the plaintiffs have committed a prior breach of contract with the defendants." The arbitration agreement was not mentioned nor was arbitration demanded. Defendants never amended their answer.

The matter proceeded forward in district court, and a jury trial was set for November 7, 2016. Additionally, in May 2015, the parties agreed to a case schedule and discovery plan, including that plaintiffs' expert witnesses would be disclosed no later than 210 days before trial and defendants' expert witnesses disclosed no later than 150 days before trial. In August 2015, the parties agreed to a twenty-day extension of their expert designation deadlines. Plaintiffs filed their designation of expert witnesses September 22, 2015.

On May 20, 2016, defendants filed a motion to extend their expert witness disclosure deadline. For reasons unknown to the district court, defendants' motion was not administratively placed in the court's pending-motions queue and did not come before the court until August 10, 2016. On that date, the court filed an order noting defendants' requested extension date had passed. The parties were directed to advise the court as to whether an issue remained regarding the relevant expert report. The court informed the parties that if an issue remained, the court would take up the matter at an upcoming hearing set for August 24, 2016, when the court was also to hear plaintiffs' pending motion to compel discovery. Following that hearing, the court denied defendants' motion, finding that good cause for an extension of the expert deadline had not been established. The court's order granting plaintiff's motion to compel was granted September 11, 2016.

On September 13, 2016, about two months before the trial date, defendants served on plaintiffs a written arbitration demand demanding plaintiffs "submit to arbitration," with the scope of arbitration to include "the allegations giving rise to [plaintiffs'] lawsuit" pending in district court. Plaintiffs were requested "respond no later than September 16, 2016." On September 16, 2016, defendants filed a notice of arbitration demand in district court. Defendants subsequently filed a motion to compel arbitration, stating plaintiffs had refused to arbitrate. Plaintiffs resisted. Following a hearing, the district court denied the defendants' motion to compel arbitration. The court concluded defendants waived their right to arbitrate under the facts of the case, explaining:

> Although they had the arbitration agreement in hand no later than October 3, 2015, the defendants did not demand arbitration or amend their answer to raise the existence of the arbitration agreement as an issue until September [16], 2016, when they filed their demand for arbitration. Thus, the demand for arbitration was not served until the last day for filing motions in the case. The court notes that the defendants now argue that they were not providing witnesses for depositions and were not completing discovery because they were essentially mulling over whether they wanted to demand arbitration. Yet, nothing about the arbitration agreement was mentioned at the hearing on the motion to compel or during any of the motion practice prior to September 8. Instead, counsel argued at the hearing on the motion to compel that he was having problems locating witnesses and getting cooperation from his client. Thus, the court finds this contention is not credible.

In a footnote, the court added:

> The fact that arbitration was demanded just a few days after the court denied the defendants' request for additional time to designate experts and/or provide expert opinions is not lost on the court. The court's denial of the motion prevented the defendants from calling one of their experts as a witness. The court's indications at the hearing on the motion to compel and in ruling on the [Iowa Rule of Civil Procedure] 1.944 motion were also a strong indication to defendants that the court was likely to try the case as scheduled and not likely to grant a continuance. It appears that these may have

been factors in the late decision to demand arbitration. At a minimum, filing the motion to compel arbitration forced the court to stay the case, and thus gave the defendants the continuance they wanted.

Defendants appeal.

## II. Discussion.

Defendants' arguments on appeal are twofold. First, they argue the waiver of arbitration by litigation conduct is an issue to be decided by an arbitrator rather than the district court. Second, they contend that even if the district court had jurisdiction to determine whether they waived their right to arbitration, the court incorrectly answered the question.

### A. Who Decides the Waiver Issue?

Defendants assert federal law applies to this case and mandates an arbitrator, rather than the district court, decide whether they waived their right to arbitrate the matter. This is relevant to our standard of review, because our review of the issue is de novo under federal law but is for correction of errors at law under state law. *See Kelly v. Golden*, 352 F.3d 344, 349 (8th Cir. 2003) ("We review de novo the district court's interpretation of the contract provision regarding arbitration and examine for clear error the factual findings that formed the basis for the court's ruling."); *Wesley Ret. Servs., Inc. v. Hansen Lind Meyer, Inc.*, 594 N.W.2d 22, 29 (Iowa 1999) ("[O]ur review is for the correction of errors of law."). Even applying the more generous standard and reviewing the record de novo, we find no error with the district court's determination that defendants waived their right to arbitrate the matter under the facts of this case.

Applying federal law without further analysis, we note:

> A party to an arbitration agreement can waive its right to arbitrate disputes in different ways. The Eighth Circuit has held that claims of waiver based on some types of conduct must be decided by courts, while claims of waiver based on other types of conduct must be decided by arbitrators. *In N & D Fashions, Inc. v. DHJ Industries, Inc.*, the Eighth Circuit explained that courts generally decide whether a party has waived its right to arbitrate by "actively participat[ing] in a lawsuit or tak[ing] other action inconsistent with the right to arbitration." *N & D Fashions, Inc. v. DHJ Industries, Inc.*, 548 F.2d 722, 728 (8th Cir. 1976) (quotations omitted). By contrast, arbitrators generally decide claims of waiver based on arguments that arbitration "would be inequitable to one party because relevant evidence has been lost due to the delay of the other." *Id.* The Eighth Circuit described this second kind of waiver as "'waiver' . . . in the sense of 'laches' or 'estoppel.'" *Id.*

*Lovelace Farms, Inc. v. Marshall*, 442 S.W.3d 202, 206-07 (Mo. Ct. App. 2014) (internal footnote omitted). As in *Lovelace Farms, Inc.*, the record before us confirms that this case involves an assertion of the first kind of waiver—waiver through litigation conduct. *See id.* at 207. "Under *N & D Fashions*, waiver through litigation conduct is clearly a matter for the court to decide." *Id.* (citing *N & D Fashions*, 548 F.2d at 728); *see also Grumhaus v. Comerica Secs., Inc.*, 223 F.3d 648, 650 (7th Cir. 2000) (stating waiver of arbitration right is for the courts); *Perry Homes v. Cull*, 258 S.W.3d 580, 587 n.17 (Tex. 2008) (citing federal cases). Under federal law, the district court did not err in determining in the first instance that it was the decider.

Defendants also argue that under state law, the issue of waiver must be decided by the arbitrator, citing *Des Moines Asphalt & Paving Co. v. Colcon Industries Corp.*, 500 N.W.2d 70, 73 (Iowa 1993). In *Modern Piping, Inc. v. Blackhawk Automatic Sprinklers, Inc.*, the Iowa Supreme Court explained why, in *Des Moines Asphalt*, it found the arbitrator was to decide whether the request for arbitration was timely—"the contract [in the *Des Moines Asphalt* case] so provides

the arbitrator is allowed to make this initial decision regarding timeliness of the request for arbitration." 581 N.W.2d 616, 620 (Iowa 1998), (discussing *Des Moines Asphalt*, 500 N.W.2d at 73), *overruled on other grounds by Wesley Ret. Servs., Inc. v. Hansen Lind Meyer, Inc.*, 594 N.W.2d 22, 29 (Iowa 1999). Unlike the contract in the *Des Moines Asphalt* case, the contract in *Modern Piping, Inc.* did not contain "such provision." *See id.* Though both contracts at issue were arbitration agreements, only one specified the arbitrator was to decide the timeliness of the request for arbitration. *See id.* This case is like *Modern Piping, Inc.*, and not *Des Moines Asphalt*. Consequently, even under state case law, the district court did not err in determining in the first instance that it was the decider.

### B. Did Defendants Waive Their Right to Arbitration?

Turning to the substantive argument presented in this appeal, defendants argue that even if the district court had the jurisdiction to decide the issue, it erred in concluding defendants waived their right to arbitration. We disagree.

"The party seeking arbitration may be found to have waived his right to it, however, if he '(1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party by these inconsistent acts.'" *Kelly*, 352 F.3d at 34 (citation omitted). Every one of these boxes is checked under the facts of this case. As the district court pointed out, defendants "clearly had custody and control of the agreement in question at all times material to this action." In fact, they drafted the agreement that Jim signed when Ellen was admitted to Silver Pines. Nevertheless, they continued to litigate the suit in district court. They filed an answer to the suit, asserting various affirmative defenses, but they did not mention the arbitration agreement. We agree with the district court's conclusion

that "[p]laintiffs were prejudiced because they incurred substantial expense and engaged in significant effort as a result of [defendants'] early litigation activities."

Even after defendants had the arbitration agreement in hand some time prior to disclosing it on October 3, 2015, they continued to litigate. Again, as the district court pointed out:

> However, even if the court accepts the defendants' argument and considers only activity in the case after October 3, 2015, it is clear the defendants waived the right to compel arbitration in this case. First, [the defendants] never raised the existence of the arbitration agreement in their answer. They never moved to amend the answer to raise this issue. Second, after they produced the arbitration agreement, [the defendants] continued to litigate this case. The defendants designated experts, sought additional time to designate experts and disclose opinions, resisted the plaintiffs' motion to compel, and participated in the hearing on the motion to compel before they demanded arbitration. After [the defendants] demanded arbitration but before they sought to compel arbitration, they sought additional time to submit filings on the motion to compel, sought and obtained a protective order, filed supplemental discovery responses, and filed a motion in limine.

Finally, plaintiffs clearly incurred expenses and inconvenience as the result of defendants sitting on their hands. This case could be the legal dictionary's definition of how a party waives their right to arbitration.

### III. Conclusion.

The district court did not err in determining it was to decide the issue of whether defendants waived their right to arbitration based on their litigation conduct. Additionally, under the facts of this case, the district court did not err in determining defendants waived their right to compel the matter to arbitration. Accordingly, we affirm the ruling of the district court denying defendants' motion to compel arbitration. We do not retain jurisdiction.

**AFFIRMED.**