# IN THE COURT OF APPEALS OF IOWA

No. 21-1917
Filed December 7, 2022

**NIKULSKI FINANCIAL, INC.,**
    Plaintiff-Appellant,

**vs.**

**ALAN D. LEWIS and SUSAN K. LEWIS,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Scott County, Patrick A. McElyea, Judge.

A plaintiff appeals the district court's ruling regarding the breadth of an agreement to arbitrate. **APPEAL DISMISSED.**

Vincent R. Ledlow of Ledlow Law P.C., Ankeny, and Michael Bessette of HLBS Law, Westminster, Colorado, for appellant.

Gail E. Boliver of Boliver Law Firm, Marshalltown, and R. Ronald Pogge of Hopkins & Huebner, P.C., Des Moines, for appellees.

Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Nikulski Financial, Inc. (NFI) appeals the district court's ruling that certain claims asserted by its former clients Alan and Susan Lewis (the Lewises) may be submitted to arbitration. Upon our review of the record, we grant the Lewises' motion to dismiss the appeal for lack of jurisdiction and therefore do not reach NFI's contentions on the merits. With this appeal dismissed, arbitration shall proceed for the claims identified in the district court's ruling.

## I. *Background Facts and Proceedings.*

On July 21, 2021, the Lewises commenced an arbitration proceeding with the American Arbitration Association against Brian Nikulski and NFI, which pertained to the management of certain investments. The Lewises had worked with Nikulski since the year 2000 or so, when he was employed with a different financial advisory agency. Nikulski incorporated NFI in 2006, but NFI did not become active from a business perspective until September 2009 when it became a registered investment advisor.

In response to the arbitration action, Nikulski and NFI filed a petition for declaratory judgment and injunctive relief in district court, seeking a ruling that the claims asserted were not arbitrable and to prevent the arbitration from proceeding. The district court found Nikulski did not agree to arbitrate any claims against him personally because he executed the contract in question on behalf of NFI and not in his individual capacity. The district court also found NFI could not have agreed to arbitrate any claims arising from investments made prior to September 2009 because it did not begin conducting business until that date. NFI filed a timely appeal to the portion of the ruling finding that claims against NFI for the subsequent

investments may be submitted to arbitration. The Lewises filed a motion to dismiss the appeal for lack of jurisdiction. Before transferring the case to us, our supreme court ordered that the motion to dismiss be submitted with the appeal.

## II. Review.

"In an action for a declaratory judgment, the standard of review depends upon the nature of the action." *N. Glenn Homeowners Assn. v. State Farm Fire & Cas. Co.*, 854 N.W.2d 67, 68 (Iowa Ct. App. 2014). "Contract actions are treated as one at law. In such a case, our review is for errors at law." *Id.* Moreover, the petition in this matter prayed for a stay of arbitration pursuant to Iowa Code section 679A.2 (2021), under which statute our review is for correction of errors at law. *See City of Iowa City v. Kenko, Inc.*, No. 00-0679, 2002 WL 1070833, at *2 (Iowa Ct. App. May 31, 2002); *see also Wesley Ret. Servs., Inc. v. Hansen Lind Meyer, Inc.*, 594 N.W.2d 22, 29 (Iowa 1999) (establishing standard of review for motions to compel arbitration under section 679A.2 as correction of errors at law). Accordingly, our review is for the correction of errors at law.

## III. Discussion.

The Lewises argue this appeal should be dismissed because it lacks a statutory basis and the order being appealed was not final. Iowa Code section 679A.17 identifies the circumstances when issues of arbitration are appealable. Notably, orders compelling arbitration are missing and therefore not appealable. *See* Iowa Code § 679A.17; *Wesley Ret. Servs.*, 594 N.W.2d at 28. NFI argues the district court ruling did not constitute an order compelling arbitration because (1) NFI merely sought a declaration of its rights and liabilities, (2) the district court did not specifically "order" or "compel" NFI to participate in the

arbitration, and (3) the Lewises failed to file a counterclaim asking that arbitration be compelled. Moreover, NFI contends the ruling was final in that it provided the parties a complete declaration of their rights and liabilities under the arbitration provision of their agreement.

NFI is evidently attempting to mask its request to stay the arbitration proceeding as a simple action for declaratory judgment. However, NFI indeed made a request to stay pursuant to Iowa Code section 679A.2. Section 679A.2(2) instructs that when a party applies for a stay of arbitration proceedings and an agreement to arbitrate is found to exist, then the district court "shall order the parties to proceed to arbitration." Here, the district court employed less exact language, ruling that certain claims brought by the Lewises "may be submitted to arbitration" rather than ordering explicitly that arbitration continue. Nevertheless, the district court effectively allowed the already commenced arbitration proceeding to continue, and we will not carve out loopholes for parties endeavoring to drag out the action. To do so would be contrary to "our policy favoring arbitration 'as a means of settling civil disputes without the expense and delay of litigation." *Bassman v. Knapp*, No. 08–0743, 2009 WL 1212749, at *3 (Iowa Ct. App. May 6, 2009) (citation omitted). Therefore, we find the court's ruling in this action constituted an order compelling arbitration.

Orders compelling arbitration are not final judgments appealable as a matter of right. *See Wesley Ret. Servs.*, 594 N.W.2d at 28. However, appeals "improvidently filed as a matter of right may be treated as applications for interlocutory appeal." *Buechel v. Five Star Quality Care, Inc.*, 745 N.W.2d 732, 735 (Iowa 2008). "The main factor in determining whether such an interlocutory

appeal should be granted is whether consideration of the issues would serve the 'interest of sound and efficient judicial administration . . . .'" *Id.* (alteration in original) (citation omitted). We do not believe this interest, nor those identified in Iowa Rule of Appellate Procedure 6.104(1)(d), are served here. *See Wesley Ret. Servs.*, 594 N.W.2d at 28 ("An application for interlocutory appeal may be granted if the appealed ruling 'involves substantial rights and will materially affect the final decision and . . . a determination of its correctness before trial on the merits will better serve the interests of justice." (alteration in original) (quoting Iowa R. App. P. 6.104(1)(d))). NFI's appeal on arbitrability of certain claims will not affect the final ruling because "a party's participation in the arbitration does not prevent it from contesting the arbitrability of the dispute in an appeal of the arbitrator's decision." *Id.* Therefore, granting an interlocutory appeal here would likely "increase the cost of litigation and delay the entry of a final judgment." *River Excursions, Inc. v. City of Davenport*, 359 N.W.2d 475, 478 (Iowa 1984). "The possibility of fragmented appeals—one interlocutory, a second taken from the final judgment—should be avoided whenever possible." *Id.*

An interlocutory appeal in this case is furthermore inapposite because there is no pending appeal to the remaining portion of the district court's order denying arbitration of certain claims. *See Wesley Ret. Servs.*, 594 N.W.2d at 29 (finding an interlocutory appeal would better serve the interests of justice because "part of the district court's order denying arbitration is already before us on appeal"). For these reasons, we deny NFI the opportunity to bring an interlocutory appeal and grant the Lewises' motion to dismiss.

**APPEAL DISMISSED.**