# IN THE COURT OF APPEALS OF IOWA

———————————

No. 25-0308
Filed April 1, 2026

———————————

**James Carder,**
Plaintiff–Appellee,

v.

**Active Chiropractic, PC and Brian R. Dornbush, DC,**
Defendant–Appellants.

———————————

Appeal from the Iowa District Court for Clinton County,
The Honorable Stuart P. Werling, Judge.

———————————

**REVERSED AND REMANDED**

———————————

Abbey C. Furlong and Grace E. Mangieri of Lane & Waterman LLP,
Davenport, attorneys for appellants.

William J. Bribriesco of Bribriesco Law Firm, PLLC, Bettendorf, attorney
for appellee.

———————————

Considered without oral argument
by Tabor, C.J., and Badding and Sandy, JJ.
Opinion by Tabor, C.J.

1

**TABOR, Chief Judge.**

This appeal reflects the confusion that medical malpractice litigants and district courts have experienced during the evolution of case law addressing certificate of merit affidavits. In 2021, James Carder petitioned for one claim of negligence against Dr. Brian R. Dornbush and Active Chiropractic, PC.[1] Carder timely served his certificate of merit affidavit under Iowa Code section 147.140 (2021). Almost three years later, Dornbush moved to dismiss, asserting that Carder's affidavit lacked the requisite oath according to *Miller v. Catholic Health Initiatives-Iowa, Corp.*, 7 N.W.3d 367, 375 (Iowa 2024).

At first, the district court granted the dismissal, finding the affidavit did not comport with *Miller*, but later reinstated the petition, accepting Carder's argument that Dornbush's motion came too late under *S.K. v. Obstetric & Gynecologic Associates of Iowa City & Coralville, P.C.*, 13 N.W.3d 546, 571–73 (Iowa 2024). Now Dornbush argues the lawsuit should be dismissed for two reasons: (1) the authority for the district court's ruling, *S.K.*, was supplanted by *Banwart v. Neurosurgery of North Iowa, P.C.*, 18 N.W.3d 267, 276–78 (Iowa 2025), and (2) Carder's certificate of merit affidavit is insufficient.

*Banwart* announced a "bright line" rule that defense motions to dismiss alleging deficient affidavits are timely if those motions are filed before the dispositive motion deadline. 13 N.W.3d at 277–78. We find Dornbush filed his motion before that deadline. We also find Carder's certificate of merit

---

[1] Dornbush practices at and serves as the president of Active Chiropractic. We refer to them collectively as Dornbush.

affidavit did not substantially comply with Iowa Code section 147.140. Thus, we reverse and remand for dismissal.

### I. Facts and Prior Proceedings

Carder hurt his leg jumping off a riding lawnmower. After a week of pain in his back, hip, and thigh, Carder sought treatment at Active Chiropractic. Dornbush diagnosed Carder with various injuries, recommended chiropractic treatment twice a week for two weeks, and provided Carder with instructions on home exercises.

During the four-week course of treatment, Carder's pain increased. Dornbush never ordered x-rays nor did he refer Carder for other scans or imaging of his spine before starting treatment. Carder alleged that Dornbush's negligence worsened his injuries and resulted in damages for medical expenses, loss of bodily function, and pain and suffering. Thus, Carder launched this action against Dornbush for chiropractic malpractice in August 2021.

Dornbush timely filed his answer, and Carder served Dornbush with a certificate of merit affidavit, as required by Iowa Code section 147.140. In early 2022, the parties filed a trial scheduling and discovery plan, and the court scheduled the trial for October 2023. A month before trial, the parties jointly requested a continuance. At a scheduling conference, court set trial for May 2025, noting that the parties declined an earlier date when offered.

The case lingered with minimal motion practice or discovery until summer 2024. In May of that year, the supreme court decided in *Miller*, 7 N.W.3d at 375–77, that signed but unsworn affidavits without any language indicating the affiant was "under penalty of perjury" fail to substantially comply with the certificate-of-merit requirement. The following month,

Dornbush moved to dismiss with prejudice under section 147.140(1)(b), alleging Carder's certificate of merit was insufficient under *Miller*, as it lacked the requisite oath.

Carder resisted, but the district court granted the motion in September, finding the affidavit did not comport with the requirements as explained in *Miller*. Later that month, Carder moved to reconsider. On November 8, the supreme court filed *S.K.*, 13 N.W.3d. at 546. In a concurring opinion, four justices held that the medical providers waived their challenge to the certificate of merit affidavit when they filed it as a motion to reverse in the supreme court during their appeal of a jury verdict. *Id.* at 553–54; *see also id.* at 569–70 (Waterman, J., concurring). The same day, citing *S.K.* as new authority, the district court granted Carder's motion and reinstated the case. Dornbush asked the district court to reconsider the reinstatement. But the court denied that motion, and Dornbush applied for interlocutory appeal in February 2025. On March 7, the supreme court issued its decision in *Banwart*. That same day, Carder filed his resistance to the application for interlocutory appeal. Three days later, Dornbush replied, arguing that *Banwart* was "dispositive of the instant dispute." The supreme court granted the appeal and transferred the case to our court.

## II.    Scope and Standard of Review

We review rulings on motions to dismiss under Iowa Code section 147.140(6) for the correction of legal error. *Miller*, 7 N.W.3d at 372. "We also review the district court's rulings on statutory interpretation for correction of errors at law." *Banwart*, 18 N.W.3d at 272.

## III. Analysis

Dornbush raises two arguments. First, he contends that the district court erred in relying on *S.K.*, which has been supplanted by *Banwart*. Under *Banwart*, Dornbush asserts that he was not too late in moving to dismiss. *Compare S.K.*, 13 N.W.3d at 571–73 (Waterman, J., concurring) (determining that waiver can be implied by litigation conduct after final judgment and opting not to decide "the precise point at which a motion challenging a certificate of merit affidavit becomes untimely" but finding "we have no trouble saying that it is too late once the district court issues its final judgment"), *with Banwart*, 18 N.W.3d at 277 (adopting "the dispositive motion deadline as a bright line for determining waiver" to avoid "a fact-intensive inquiry into how much discovery is too much"). Second, Dornbush asserts that Carder's certificate of merit affidavit did not substantially comply with the mandates of section 147.140.

### A. Waiver

Dornbush first argues that the district court erred in denying his motion to reconsider based on the litigation conduct waiver discussed in *S.K.* *See* 13 N.W.3d at 572. Dornbush contends that *Banwart*'s dispositive motion deadline replaced the uncertainty in *S.K.* and should be used to measure whether he timely filed his motion to dismiss.

To counter, Carder compares his case to *Modern Piping, Inc. v. Blackhawk Automatic Sprinklers, Inc.*, where the litigation hit a lull for roughly two years after service of the affidavit, discovery, and other pretrial preparations. *See* 581 N.W.2d 616, 619–20 (Iowa 1998), *overruled on other grounds by Wesley Ret. Servs., Inc. v. Hansen Lind Meyer, Inc.*, 594 N.W.2d 22 (Iowa 1999). Carder also contends that considering the parties' actions during litigation, *S.K.* should apply regardless of *Banwart*. He emphasizes

that because trial was not continued until after the original dispositive motion deadline had passed, Dornbush could no longer exercise his right to challenge the sufficiency of the certificate of merit affidavit because the dispositive motion deadline did not shift with the new trial date.

We are not persuaded by the comparison to *Modern Piping* as that case was decided long before Iowa Code section 147.140 emerged in 2017. And we find the application of *S.K.* is inconsistent with *Banwart*. The supreme court distinguished *S.K.* from *Banwart* by pointing out *S.K.*'s unique posture, as the matter had already gone to trial and received a final judgment, instructing that "[g]oing forward, parties should rely upon this bright line rather than statements we made in *S.K.*" *Banwart*, 18 N.W.3d at 277–78 (declaring that *S.K.*'s holding is consistent with *Banwart*'s bright-line rule).

Finally, Carder's argument that the dispositive motion deadline remained tethered to the original trial date lacks merit. Carder does not support this contention with any authority and misreads the trial scheduling and discovery plan. True, the plan requires all motions, except motions in limine, to be filed "at least 60 days before trial." But, in the event of continuances, the plan provides that all other deadlines remain in effect "relative to the new trial date unless the court approves new deadlines." Thus, on the joint motion to continue, the court reset trial for May 5, 2025, and altered no other deadline, meaning the dispositive motions deadline was in March 2025.[2] Because *Banwart* controls and Dornbush filed his motion to dismiss nearly a year before the dispositive motion deadline, Dornbush did

---

[2] Further, if we followed Carder's logic, the other deadlines listed in the plan—such as the deadlines for completing depositions and disclosing expert witnesses—would also have run, preventing further discovery. Yet, both parties continued to participate, although slowly, in discovery.

not waive his right to challenge the certificate of merit affidavit, nor was he estopped from doing so.

## B.     Substantial Compliance

Dornbush next contends that Carder's certificate of merit affidavit does not substantially comply with section 147.140 because the expert witness did not sign it under oath before a notary and it did not include the "under penalty of perjury" language. *See id.* at 272–74. The legislature built substantial compliance into the affidavit statute. *See* Iowa Code § 147.140(6). "Substantial compliance means compliance in respect to essential matters necessary to assure the reasonable objectives of the statute." *Banwart*, 18 N.W.3d at 275 (cleaned up). Thus, the statute "requires the plaintiff to serve a certificate of merit affidavit signed *under oath*" by a qualified expert. *Miller*, 7 N.W.3d at 370 (emphasis added).

Our supreme court has held that professional malpractice cases must be dismissed for lack of substantial compliance when the plaintiff's certificate of merit affidavit was unsworn or unnotarized. *See Banwart*, 7 N.W.3d at 275; *see Miller*, at 7 N.W.3d at 375 (noting that the "under penalty of perjury" language must be included when the signer issues the sworn statement through self-attestation rather than through a notary). The court emphasized the essential nature of the "under oath" element, noting that "[a] contrary holding would undermine many Iowa statutes requiring sworn statements or verifications." *Miller*, 7 N.W.3d at 375.

Here, Carder's certificate of merit falls short of substantial compliance. His expert's affidavit states: "I, Jenny Crosby Wiemann, D.C., being first duly sworn on oath, state as follows," but it is not notarized to demonstrate the administration of the oath, nor does it contain the requisite

"under penalty of perjury" language. The affidavit was deficient under the reasoning of *Banwart* and *Miller*.

Because the district court's reliance on *S.K.* must bend to *Banwart*'s bright line dispositive motion deadline, and Carder's certificate of merit affidavit does not substantially comply with the under oath requirement of section 147.140(1)(b), we reverse the district court's pre-*Banwart* denial of Dornbush's motion to reconsider and remand the case for dismissal with prejudice under Iowa Code section 147.140(6).

**REVERSED AND REMANDED.**