**DES MOINES ASPHALT & PAVING COMPANY, Appellee,**

v.

**COLCON INDUSTRIES CORPORATION,**
Appellee,

and

**Wal–Mart Stores, Inc., and the Kroenke Group, Appellants.**

No. 92–1142.

Supreme Court of Iowa.

May 19, 1993.

Ronald M. Kaplan and Jeffrey L. Goodman of Shearer, Templer, Pingel & Kaplan, P.C., Des Moines, for appellants.

Ronald A. Riley of Hansen, McClintock & Riley, Des Moines, for appellee Des Moines Asphalt & Paving Co.

Wade H. Hauser III and Michael J. Eason of Ahlers, Cooney, Dorweiler, Haynie, Smith & Allbee, P.C., Des Moines, for appellee Colcon Industries Corp.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, LAVORATO, and ANDREASEN, JJ.

PER CURIAM.

The codefendants, Wal–Mart Stores Inc. and The Kroenke Group (Kroenke), appeal from a district court's order refusing to compel arbitration of a mechanic's lien foreclosure action. The district court denied Kroenke's motion to compel arbitration on the ground it was untimely. Kroenke claims that, pursuant to Iowa Code section 679A.2 (1991), the district court was required to stay the foreclosure action and compel arbitration. Kroenke also claims that, pursuant to Iowa Code section 679A.17, it may appeal from the order as a matter of right. We reverse.

On March 18, 1991, The Kroenke Group, a real estate developer, and Colcon Industries Corporation, a general contractor, entered into a contract for the construction of a building and appurtenant facilities in Des Moines, Iowa. Kroenke planned to lease the building to Wal–Mart Stores Inc. for use as a retail establishment. Among other things, the contract contained an arbitration clause.

Colcon subsequently entered into a contract with Des Moines Asphalt & Paving Company, a subcontractor, for the paving of the parking lot. This contract contained an arbitration clause that specifically adopted the arbitration procedure contained in the Kroenke–Colcon contract.

Colcon and Des Moines Asphalt completed the building and parking lot in September 1991. Kroenke refused to make full payment for the work, alleging that the parking lot had been improperly constructed. Des Moines Asphalt then filed a mechanic's lien on the property for $421,773.50, and subsequently filed a petition to foreclose the mechanic's lien against Colcon.

Colcon then filed a mechanic's lien on the property for $772,430.48, answered Des Moines Asphalt's petition to foreclose and cross-claimed against Kroenke. Colcon served Kroenke with a copy of the petition to foreclose and original notice on February 3, 1992.

On April 2, 1992, Kroenke filed its answer. The answer contained an affirmative defense, alleging the dispute was subject to an irrevocable arbitration clause. Kroenke claimed the arbitration clause was enforceable pursuant to section 679A.2.

On April 15, 1992, Kroenke filed a motion to stay the proceedings and compel arbitration. Des Moines Asphalt filed a resistance, and Colcon filed a motion for extension of time. The district court granted Colcon's motion.

On May 11, 1992, the court filed an order scheduling the trial for July 29, 1992. On June 5, 1992, Colcon filed a resistance to Kroenke's motion to compel arbitration. After a hearing, the court denied Kroenke's motion on the ground it was untimely.

■ I. In a statement filed pursuant to an order of this court, Kroenke claims that, pursuant to section 679A.17, the order denying its motion to compel arbitration is

appealable as a matter of right. There is no Iowa case law that specifically addresses this issue.

Section 679A.17(1)(a) states that an appeal may be taken from an order denying an application to compel arbitration. Section 679A.17(2) states that "the appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action." All final adjudications of the district court that exceed the amount in controversy requirement and materially affect the outcome of the final decision may be appealed to the supreme court as a matter of right. *See* Iowa R.App.P. 1.

■ Arbitration is a legally favored contractual proceeding as a means of settling civil disputes without the expense and delay of litigation. *Hawkins/Korshoj v. State Bd. of Regents*, 255 N.W.2d 124, 127 (Iowa 1977). Once the district court has denied a motion to compel arbitration, the efficiency of arbitration is compromised. We therefore conclude an order denying a motion to compel arbitration is a final adjudication and that it is appealable as a matter of right.

II. On the merits, Kroenke argues the district court erred in denying the motion to stay proceedings and compel arbitration. It claims section 679A.2 required the district court to order the parties to proceed with arbitration.

Kroenke also argues the district court erred in finding the motion was untimely. It claims it filed the motion within a reasonable time after they were notified of the petition to foreclose on the mechanic's lien, and that any delays were attributable to Colcon's application for extension of time to respond to the motion to compel arbitration.

Colcon and Des Moines Asphalt claim the dispute arose in September 1991, when Kroenke failed to make full payment for the pavement work. They claim that their contracts require a demand for arbitration to be made within a "reasonable time after the claim, dispute or other matter in question has arisen." They claim Kroenke's filing of the motion to compel in April 1992 was untimely. They also claim Kroenke's motion failed to demand or initiate arbitration in the manner required by the contract.

■ Initially, we must determine if the arbitration clauses contained in the parties' contracts were valid. Iowa Code section 679A.1(2) provides: "A provision in a written contract to submit to arbitration a future controversy arising between the parties is valid, enforceable, and irrevocable unless grounds exist at law or in equity for the revocation of the contract."

The prime contract between Colcon and Kroenke provided that all claims and disputes between the parties relating to the contract or the breach thereof would be subject to arbitration. It also stated that the demand for arbitration shall be made within a reasonable time after the claim, dispute, or other matter in question arose. The subcontract between Colcon and Des Moines Asphalt stated that "any controversy or claim" between them would be subject to arbitration. The subcontract also stated the arbitration would be conducted in the manner provided for in the prime contract. It does not appear any ground exists for revocation of these arbitration clauses. Pursuant to section 679A.1(2), we find the arbitration clauses are valid and enforceable.

■ Next, we must determine whether the district court erred in finding Kroenke's motion to compel was untimely. The timeliness of an arbitration demand depends upon the facts of the individual case. *Sawday v. Vista Irrigation Dist.*, 64 Cal.2d 833, 52 Cal.Rptr. 1, 3, 415 P.2d 816, 818 (1966). The record indicates that slightly over two months elapsed between the time Kroenke was served with notice of the foreclosure action and the time Kroenke filed its motion to compel. Also, the record indicates Kroenke's answer contained an affirmative defense. The affirmative defense alleged the dispute between the parties was subject to an irrevocable arbitration clause. The district court did set a trial date for the foreclosure action; however, it did so before it had ruled on Kroenke's previously filed motion to com-

pel and after it gave Colcon an extension of time to respond to the motion.

We find, as a matter of law, that, once Kroenke was served with notice of the petition to foreclose, it acted in a timely manner. We therefore conclude that, pursuant to section 679A.2(1), the district court abused its discretion in denying Kroenke's motion to compel arbitration. The issue of whether Kroenke demanded arbitration within a reasonable time under the terms of the contracts is for the arbitrator to decide. *See Muhlenberg Township Sch. Dist. Auth. v. Pennsylvania Fortunato Constr. Co.*, 460 Pa. 260, 333 A.2d 184, 187 (1975); and *County of Rockland v. Primiano Constr. Co.*, 51 N.Y.2d 1, 431 N.Y.S.2d 478, 483, 409 N.E.2d 951, 956 (1980).

Accordingly, we reverse the district court's order and remand the case to that court. On remand, the district court shall stay the proceedings and order the parties to proceed with arbitration.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**