# IN THE COURT OF APPEALS OF IOWA

No. 16-1180
Filed July 6, 2017

**FELL PARTNERSHIP,**
    Plaintiff-Appellee,

**vs.**

**HEARTLAND CO-OP,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Guthrie County, Paul R. Huscher, Judge.

Heartland Co-op appeals the district court's ruling denying its application to compel arbitration. **APPEAL DISMISSED.**

John F. Lorentzen of Nyemaster Goode, P.C., Des Moines, for appellant.

Gina C. Badding of Neu, Minnich, Comito, Halbur, Neu & Badding, P.C., Carroll, for appellee.

Heard by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, Judge.**

**I. Background Facts and Proceedings**

Fell Partnership (Fell) filed a lawsuit against Heartland Co-op (Heartland) on February 5, 2016, for breach of contract and conversion based on an oral contract for the sale of soybeans. On April 18, Heartland filed a "motion to dismiss or stay" the court proceedings, claiming the parties were "subject to a written agreement for mandatory mediation." In its motion, Heartland cited the Federal Arbitration Act, 9 U.S.C., and relied on a contract authorization form signed by Fell, which stated that "National Grain and Feed Association Rules [(NGFA)] apply to all contracts." Heartland claimed rule 29 of the NFGA mandated arbitration of disputes arising out of the February 5th contract. After hearing, on May 2, the district court issued an order denying the motion to dismiss or stay, characterizing Heartland's position as "this matter must be subjected to arbitration" and concluding the "grain authorization form" did not constitute an agreement to arbitrate. Heartland did not appeal this order.

Heartland then filed an application to compel arbitration on May 25, again arguing the parties were required to arbitrate their dispute, and alternatively that Fell was estopped[1] from denying that a written arbitration agreement existed. In its brief supporting the application to compel, Heartland states "a second purpose of filing the application to compel, and resubmitting the motion to stay, is to preserve effective appellate review of the court's orders." On June 22, the district court denied the application to compel, finding, "This matter was previously

---

[1] The district court did not rule on the estoppel claim, and it is not before us in this appeal.

addressed by the court on May 2, [2016,] at which time the court found that there did not exist a contract between the parties which required arbitration." On July 13, Heartland filed a notice of appeal from the June 22 order denying its application to compel arbitration. Fell filed a motion to dismiss the appeal, claiming it was untimely because the May 2 order was a final order from which Heartland was obligated to appeal. Heartland resisted, and our supreme court ordered the issue to be submitted with the appeal. The supreme court then transferred the case to us.

## II. Standard of Review

We review denial of motions to compel arbitration for corrections of error at law. *Wesley Ret. Servs. Inc., v. Hansen Lind Meyer Inc.*, 594 N.W.2d 22, 29 (Iowa 1999).

## III. Discussion

### a. Appellate jurisdiction and timeliness.

An appeal "is purely a creature of statute." *Bales v. Iowa St. Highway Comm'n*, 86 N.W.2d 244, 246 (Iowa 1957). "Generally, a notice of appeal from an order, judgment, or decree must be filed within thirty days from the time judgment is entered." *In re Marriage of Okland*, 699 N.W.2d 260, 263 (Iowa 2005); *see* Iowa R. App. P. 6.101(1)(b). All final orders and judgments of the district court on the merits or materially affecting the final decision in a case may be appealed. Iowa R. App. P. 6.103(1). Therefore, an appeal is only properly before this court if it has been filed within thirty days of a final order issued by the district court.

**b. Final Orders under *Des Moines Asphalt*.**

Heartland filed two motions requesting a court order based on the same document, claimed to be an agreement to arbitrate. The timeliness of its appeal depends upon whether the district court's first order denying arbitration dated May 2 is a final order. Our supreme court has held "an order denying a motion to compel arbitration is a final adjudication and . . . it is appealable as a matter of right." *Des Moines Asphalt & Paving Co. v. Colcon Indus. Corp.*, 500 N.W.2d 70, 72 (Iowa 1993), *overruled on other grounds by Wesley Ret. Servs., Inc.*, 594 N.W.2d at 29 (Iowa 1999). In that case, there was a dispute between a general contractor and a subcontractor over payment for completed work on a construction project resulting in a mechanic's lien being placed on the project by the subcontractor. *Des Moines Asphalt*, 500 N.W.2d at 71. The general contractor then cross-claimed against the developer. *Id.* The defendant developer filed a motion to stay proceedings and compel arbitration under Iowa Code 679A.2. *Id.*. The district court denied the motion to compel arbitration. *Id.* The developer argued the denial of its motion to compel was appealable as of right. *Id.*

Addressing the issue for the first time, our supreme court turned to the statutory language of section 679.A17. Under the express terms of 679.17(1)(a), an order denying an application to compel arbitration may be appealed. *Des Moines Asphalt,* 500 N.W.2d at 72; *see also* Iowa Code § 679A.17(1)(a) (2016). The statute further provides that appeals are to be taken in the same way in arbitration cases as in civil actions. *See Des Moines Asphalt,* 500 N.W.2d at 72; *see also* Iowa Code § 679.17(2). Our supreme court determined that under the

statute, an order denying a motion to compel arbitration is final and appealable as a matter of right. *Des Moines Asphalt,* 500 N.W.2d at 72.

To the extent it held an order to deny a motion to compel arbitration is final and appealable as a matter of right, *Des Moines Asphalt* is the law. Heartland asks us to overturn this supreme court precedent. But, "we are not at liberty to overturn Iowa Supreme Court precedent." *State v. Hastings,* 466 N.W.2d 697, 700 (Iowa Ct. App. 1990). "We are bound by supreme court precedent." *Atchison v. Shaffer,* No 14-1555, 2016 WL 5929999, at *2 (Iowa Ct. App. Oct. 12, 2016). Thus, we must decide if Heartland's first motion was, as Fell Partnership contends, a motion to compel arbitration and the ruling was final and appealable as a matter of right.

### c. Whether Heartland's motion to stay was an application to compel.

Heartland argues that the district court's May 2 ruling on its "motion to stay or dismiss" is interlocutory and could not be appealed without permission from our supreme court. *See* Iowa R. App. P. 6.104(1)(a). Additionally, Heartland claims its second motion was (and should be treated) substantively different from its first motion because it presented new evidence and requested different relief. We disagree.

Heartland relies on federal law to support its assertion that its first motion, captioned a motion to stay, resulted in an interlocutory rather than a final ruling. The Federal Arbitration Act (FAA) "makes an exception to [the] finality requirement" and treats appeals from motions to stay filed under § 3 of the FAA as interlocutory. *Arthur Andersen L.L.P. v. Carlisle*, 556 U.S. 624, 627 (2009). "*So long as a written agreement to arbitrate exists*, there is no specific

requirement that arbitration actually be pending before a stay of litigation can be granted." *Midwest Mech. Contractors, Inc. v. Commonwealth Const. Co.*, 801 F.2d 748, 750 (5th Cir. 1986) (emphasis added). "The Supreme Court has affirmed a stay of litigation in which no affirmative demand for arbitration had been made, no motion to compel had been sought, and there was as yet apparently no ongoing arbitration proceedings." *Id.* (citing *Shanferoke Coal & Supply Corp. v. Westchester Serv. Corp.*, 293 U.S. 449, 453-54 (1935)).

But, "[t]he general rule is that the FAA does not preempt state *procedural* law relating to arbitration." *Henderson v. Summerville Ford-Mercury, Inc.*, 748 S.E.2d 221, 225 (S.C. 2013). "The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." *Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 477 (1989). Heartland's argument regarding interlocutory appeals in federal courts from rulings on motions to stay is not persuasive here, where the "motion to dismiss and stay" filed in state court requested mandatory arbitration.[2] Under the Iowa Arbitration Act (IAA), an appeal maybe taken from (1) an order denying an application to compel arbitration and (2) an order granting an application to stay arbitration. Iowa Code § 679A.17(1)(a), (b).

"We treat a motion by its contents, not its caption." *Meier v. Senecaut*, 641 N.W.2d 532, 539 (Iowa 2002).

---

[2] We note that a stay of court proceedings pending arbitration is not an available remedy in Iowa. Under the terms of section 679A.2(2), a court may only stay an *arbitration* proceeding. (Emphasis added.) The provision notably does not provide for a stay of court proceedings.

Heartland calls its first motion, "Motion to Dismiss or Stay." Heartland's motion asks the district court "to dismiss or stay this action" under the FAA and IAA because the parties "are subject to a written agreement for mandatory mediation."[3] The motion relies on the grain authorization form signed by Fell Partnership for this proposition. In support of its motion, Heartland argues, "The exclusive remedy for this dispute is arbitration."

After a hearing, the district court ruled on Heartland's first motion. The district court found the grain authorization form relied on by Heartland as the basis for its motion was not an agreement to arbitrate disputes arising out of the grain contract. Specifically, the district court found the statement in the grain authorization form applying NGFA rules to all contract disputes "does not constitute an agreement between Plaintiff and Defendant to submit this dispute to arbitration." The district court noted the form was not executed by Heartland. Heartland did not appeal the May 2 order.

Heartland filed its second motion on May 25. It calls the second motion "Application to Compel Arbitration and to Stay Action." The motion asks the court to compel arbitration and stay the lawsuit because the parties "are subject to a written agreement between the parties for mandatory arbitration." The second motion also relies on the grain authorization form. It additionally raises, for the first time and in the alternative, that Fell Partnership is estopped to deny the grain

_____

[3] Heartland's reference to mediation—as opposed to arbitration—appears to be a scrivener's error. Heartland refers only to arbitration in its brief to support the motion. Moreover, the reference to "mediation" is not repeated in the record and, after the hearing and argument on the motion, the district court discussed arbitration and not mediation.

authorization is a written agreement to arbitrate contract disputes between the parties.

The district court issued its order denying the second motion June 22, after a hearing. The district court stated it had already denied the request and again found the grain authorization form did not constitute a contract requiring arbitration. The district court found no agreement between Heartland and Fell "which requires closing the courthouse doors to them."

We compare the first and second motions in response to Heartland's argument they are substantively different. "A party should not be able to extend the time for appeal indefinitely by filing successive motions that address the same issue, even if the party is able to articulate a new argument in support of [its] position." *Boughton v. McCallister,* 576 N.W.2d 94, 96 (Iowa 1998). Comparing Heartland's "Motion to Dismiss or Stay" with its later "Application to Compel," there are significant similarities. In fact, minus the additional, alternative estoppel claim raised in the second motion, both ask for relief based on a purported written arbitration agreement. Both reference the same form as the basis for the claim of mandatory arbitration. And both point to the same law to support Heartland's request Fell be forced to arbitrate. The claimed written agreement to arbitrate underlying both motions is a document called a "grain authorization form." Here, in both of its motions, Heartland urges the district court to compel arbitration for the contract dispute. These substantive similarities support our conclusion that the first motion filed by Heartland was a motion to compel—just as the second motion was—despite its contrary label.

The district court, in its May 2 order, found the grain authorization form was not a written agreement to arbitrate. The court noted Heartland did not sign the form; it was executed only by Fell and two other individuals. The May 2 order explicitly found no written agreement to arbitrate. It treated Heartland's first motion to stay as an application to compel arbitration under section 679A.2(1). In its order on Heartland's May 25 application to compel, the district court found, "This matter was previously addressed by the court on May 2, 2016, at which time the court found that there did not exist a contract between the parties which required arbitration." We believe the substance of the motion and its treatment by the district court show Heartland's first motion was in fact an application to compel arbitration under Iowa Code section 679A.2.

## IV. Conclusion

Heartland's April 18th motion was a motion to compel arbitration, and therefore the court's May 2 ruling on the motion was a final and appealable order under *Des Moines Asphalt.* Because Heartland failed to appeal timely from the May 2 order on its first motion to compel arbitration, this appeal from the denial of the second motion to compel arbitration is not properly before the court. We dismiss the appeal.

**APPEAL DISMISSED.**

Bower, J., concurs; Danilson, C.J., concurs specially.

**DANILSON, Chief Judge.** (concurring specially)

I agree with the result reached by the majority but for a different reason. I cannot agree the motion to dismiss or stay was in actuality a motion to compel arbitration. The two motions are captioned differently and seek different relief. I would agree both motions involve the issue of whether there was an underlying agreement to arbitrate, which explains why the briefs supporting the two motions are similar. However, Iowa Code section 679A.17(1) (2016) makes a clear distinction between such motions in stating:

> An appeal may be taken from:
> a. An order denying an application to compel arbitration made under section 679A.2.
> b. An order granting an application to stay arbitration made under section 679A.2, subsection 2.

Such appeals "shall be taken in the manner and to the same extent as from orders or judgments in civil actions." Iowa Code § 679A.17(2). Here, Heartland's motion to stay was denied and thus could not be appealed unless permission was granted via an interlocutory appeal. *See* Iowa R. App. P. 6.104(1). Accordingly, I would conclude Heartland's appeal was timely.

However, because the motion to compel relied upon a written agreement and there is no written agreement executed by both parties, there is no basis to reverse the district court. Although on appeal Heartland seems to contend the agreement was part written and part oral, this contention was never addressed by the district court.[4]

---

[4] *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").